## JOHN KRANZ

### v.

## LUDWIG THIEBEN.

1. INSTRUCTIONS MUST BE ACCURATE.—Where the evidence as to controverted questions of fact is conflicting, instructions must be accurate.

2. INSTRUCTIONS—NEGLIGENCE.—An instruction that "if the jury believe from the evidence and the instructions in this case that the plaintiff hath sustained damages by reason of negligence and carelessness of the defendant, or his agents and servants, acting under his direction, in and about his business, and that the plaintiff used due care and caution on his part, then the law is for the plaintiff, and the jury should so find." *Held*, erroneous in not limiting the negligence complained of to the conduct of the particular business out of which the alleged cause of action arose; in not embracing negligence as a part of its hypothesis in clear and unambiguous terms; in adding "and instructions of the court."

3. GROSS NEGLIGENCE DEFINED.—Where the court modified an instruction defining "gross negligence" as "a wrongful act or omission willfully and maliciously done or omitted," by inserting "gross negligence is defined to be a wrongful act or omission on the part. etc." *Held*, that both definitions were erroneous. Gross negligence is the want of slight diligence.

ERROR to the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed November 11, 1884.

Messrs. McCLELLAN & CUMMINS, for plaintiff in error.

Mr. GEORGE H. KETTELLE, for defendant in error.

WILSON, P. J. This suit was brought by Ludwig Thieben, the defendant in error, against John Kranz, plaintiff in error, before a justice of the peace, to recover damages alleged to have been sustained by Thieben by the falling of plastering from the ceiling of a store occupied by him as a crockery dealer. The case was taken by appeal to the Circuit Court of Cook county, where it was tried by a jury, resulting in a verdict for Thieben for $100.46. Kranz brings the case to this court by writ of error.

It appears Kranz was a manufacturer of candies, using the

story above Thieben's store for a packing room.  In September, 1882, a piece of plastering fell from the ceiling of the store occupied by Thieben, breaking some of his crockery and glassware and causing the injury complained of.  The testimony on the part of the plaintiff tended to show that the plastering fell by reason of the jar caused by hammering on boxes by Kranz and his employes, improperly handling them, rolling them on the floor to the elevator, etc.  On the other hand Kranz offered evidence tending to prove that the packing and handling of the boxes was done in a careful manner and in such a way as not to injure the plastering; that the plastering was defective and fell in consequence thereof, and not by reason of any fault on the part of Kranz or his servants.  The testimony on these controverted questions of fact was conflicting, making it a case especially appropriate for a jury.  Had the instructions given in the case been free from material errors we should not have felt justified in reversing the judgment whichever way the jury might have found.

The first instruction given on the part of the plaintiff was as follows:

The court instructs the jury that if they believe from the evidence and the instructions in this case that the plaintiff hath sustained damages by reason of negligence and carelessness of the defendant or his agents and servants acting under his direction in and about his business, and that the plaintiff used due care and caution on his part, then the law is for the plaintiff and the jury should so find.

This instruction is drawn either without due care or very artfully.  It does not limit or refer the negligence complained of to the conduct of the particular business out of which the alleged cause of action arose, but it is equally applicable to any business in respect to which the defendant and his servants may have been guilty of negligence or carelessness.  It is referable to his business generally, and in that respect is not sufficiently definite.

Again the instruction was so worded as to be liable to be construed by the jury as an assumption by the court that the defendant and his servants had been guilty of negligence and

carelessness. It does not in clear and unambiguous terms embrace negligence as a part of its hypothesis. Had its language been: "If the jury believe from the evidence that the defendant was guilty of negligence, etc.," and that "the plaintiff thereby sustained damages, etc.," the instruction would have been free from misconstruction.

Nor do we see the propriety of adding to the words "If the jury believe from the evidence" the words "and instructions of the court." The jury are to find the facts from the evidence, and not from the instructions of the court. Such language coming from the court might have been regarded by the jury as an intimation that the court was of opinion that the defendant and his servants were chargeable with negligence. We think the instruction taken as a whole was not a fair presentation of the law, and was liable to mislead. As was said in Bank of Lanark v. Eitenmiller, 14 Bradwell, 22, "The object of instructions is to convey to the minds of the jury correct rules of law as applicable to the evidence which has been laid before them, and nothing should be given to the jury unless it will promote that object."

The modification of the defendant's first instruction defining the term "gross negligence" was erroneous. The instruction as asked was in substance, that if, at the time the plaintiff leased the premises where the injury happened, the defendant to the knowledge of the plaintiff was using the store above in carrying on the business of manufacturing candies, and was so using it at the time of the injury, then the plaintiff must be held to have assumed all the ordinary risks attending the occupancy of the premises below, and the defendant had the right to use his premises in such manner as premises occupied in like manner are ordinarily used; and that the burden of proof was on the plaintiff to show that the defendant used said premises otherwise than in such usual and ordinary manner, and that the conduct of the defendant amounted to gross negligence; "that by the term gross negligence as used in this instruction, is meant a wrongful act or omission willfully and maliciously done or omitted, or wantonly reckless conduct, showing an utter disregard of the right of others."

Kranz v. Thieben.

The court modifieᴅ this instruction by striking out the words defining gross negligence, and inserting in lieu thereof " gross negligence is defined to be a wrongful act or omission on the part of the defendant or his servants." It is difficult to say which of the two definitions is wider of the mark. In order to constitute gross negligence it is not necessary that the wrongful act or omission should be willful and malicious. Indeed, when an act is willfully and maliciously done, it can not be properly denominated negligence. As was said by Mr. Justice Scholfield, in C. B. & Q. R. R. Co. v. Johnson, 103 Ill. 512, " when there is a particular intention to injure, or a degree of willful and wanton recklessness, which authorizes the presumption of an intention to injure generally, the act ceases to be merely negligent, and becomes one of violence and fraud." And in Gardner v. Heartt, 3 Denio, 236, the court said: " In negligence there is no purpose to do a wrongful act, or to omit the performance of a duty." And in 5 Denio, 267, " Negligence, even when gross, is but an omission of duty. It is not designed and intentional mischief, although it may be cogent evidence of such an act." See, also, Whart. on Neg. 1, 2 and 3; Thompson on Neg. 135.

The definition of gross negligence as given in the court's qualification of the instruction is equally faulty. It is there defined to be " a wrongful act or omission." All distinction between the different degrees of wrongfulness is ignored. According to the definition as thus given, if the act or omission be wrongful in the slightest degree it constitutes gross negligence; in other words, slight negligence is gross negligence. Gross negligence, as defined by our Supreme Court, is the want of slight diligence: 103 Ill. 512, *supra*. Under the instruction as modified the jury were liable to be confused or misled, for they might have believed from the evidence that the defendant had not used the highest care, and hence being guilty of some want of care, he was, according to the instruction, guilty of gross negligence.

As the errors above indicated were of a substantial character and liable to injure the defendant's side of the case, we are of opinion there ought to be a new trial.

The judgment below is accordingly reversed and the cause remanded.

Reversed and remanded.