## Dunham Towing and Wrecking Company

### v.

## Maren C. N. Christiansen et al., Administrators.

*Master and Servant—Negligence of Master—Personal Injuries.*

1. In an action brought to recover for damages suffered through the death of an employe of defendant company, alleged to have been occasioned through its negligence, this court holds that an employe of and stockholder in said company properly called by plaintiff to testify against his interest could, upon cross-examination, likewise be asked as to what deceased said when he was about to take the step that resulted in his death.

2. The objection that to allow a witness to so testify would be wrong, as the witness might testify untruly without a possibility of contradiction, does not go to competency.

[Opinion filed June 9, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding.

Messrs. GURLEY & WOOD, for appellant.

Messrs. GEORGE WILLARD and JOHN C. RICHBERG, for appellees.

GARY, J.  Hans Christiansen was the husband of the appellee, and worked for the appellant, whose name indicates its business.

In the evening of July 10, 1890, the steamer Tioga arrived in Chicago at the dock of its owner, the Union Steamboat Company, with many barrels (as it is now known) of volatile oils in the hold, which, if the oil escape, will readily vaporize, and if brought into contact with fire the vapor is explosive.  Such an explosion occurred on that evening, with great loss of life.  One result was that the stern of the steamer sunk to the bottom of the river, but water-tight compartments kept the bow afloat.

The appellant was employed to take charge of the Tioga. Thomas J. A. Johnson was a stockholder in, and wrecking master for the appellant company, and also worked with his own hands.  He and Christiansen put on diving suits, and worked together on the Tioga.  Johnson suspected danger if lights were put into the hold, and experimented by lowering a lantern into it.

He was called as a witness by the appellee, and during his direct examination was asked:  " What was your object in letting that lantern down and watching it ? "  He replied, " Well, Hans and I had talked," and was stopped by the counsel of the appellee.

About nine o'clock in the evening of the 11th, Johnson and Christiansen were together; the latter about to go down into the hold, the former close to him holding a lantern, when another explosion occurred, and from injuries caused

by that explosion, Christiansen died.    This suit is brought under the statute, by his administratrix, to recover damages.

On the cross-examination of Johnson, he was asked by the counsel of the appellant, " Did you have any conversation with the deceased just before going on board of the steamer ? " By the context it appears that the " going on board " then referred to was a very short time, almost immediately before the explosion.    To this question the counsel of the appellee objected, " because it calls for the conversation with a deceased person, and for the reason that it appears in evidence that this witness is a party in interest."

The last ground of objection may be disposed of very shortly.    The act of February 19, 1867, now constituting substantially the first eight sections of Chap. 51, R. S., " Evidence and Depositions," was an act removing, not adding to, disqualifications of witnesses.

Johnson was, however, disqualified by interest, as a witness for the appellant, since, as well as before, the statute. But for the appellee he was competent, and being called by the appellee to testify against his interest, he became competent for the appellant.    Fulton Bank v. Stafford, 2 Wend. 483.

In Consolidated Ice Machine v. Keifer, 134 Ill. 481, the witness held incompetent to testify in favor of his interest, had not been put on the stand by the other side.

As to the first objection, the conversation was a part of the transaction under investigation.    The offer by the counsel of the appellant which accompanied the question was, in effect, to show that the deceased was eager to go into the steamer, and take the chance of danger from taking a light. What the deceased then said was *res gestæ*.    Monroe v. Snow, 33 Ill. App. 230; same v. same, 131 Ill. 126; Paul v. Berry, 78 Ill. 158; Amick v. Young, 69 Ill. 542; Galena & Chicago Union R. R. Co. v. Fay, 16 Ill. 558.

The appellee's counsel, not in terms but in effect, argue that the proposed testimony was properly excluded, because the witness might testify untruly without a possibility of

contradiction. That objection does not go to competency. 1 Phillips on Ev., C. & H., note 5, note 3; Monroe v. Snow 33 Ill. App. 230; Carter v. Carter, 37 Ill. App. 219. To discuss the instruction would take much space.

On another trial, with a full examination of Johnson, the case may present an entirely different aspect. We refrain, therefore, from any discussion of the case upon the instructions, or upon the evidence now in it, but reverse the judgment and remand the case for the error in not permitting a full cross-examination as to the whole subject of the testimony in chief by Johnson.

*Reversed and remanded.*