## Mary Lundon v. City of Chicago.

1. CITIES AND VILLAGES—*Right to Claim Exemption from Liability—Defects in Sidewalks—Notice.*—A city has no right to claim exemption upon the ground that some particular officer has not been notified of the dangerous condition of a sidewalk. It is the duty of the city's representatives, as, for example, its police or other employes, to notify the proper officer whose duty it is to repair defective sidewalks and keep them in order, and meanwhile to take proper precautions to warn people of the danger, and prevent accidents, and notice to such officers is notice to the city.

2. INSTRUCTIONS—*Conclusions Must be from the Evidence.*—Juries must form their conclusions as to facts from the evidence alone. An instruction that "if they believe from the evidence and instructions of the court that the plaintiff has failed to prove any of the material allegations of her case," etc., then the verdict should be not guilty, is erroneous.

3. SAME—*Preponderance or Great Weight of the Evidence.*—An instruction that "the plaintiff must prove her case by a preponderance or great weight of testimony," is misleading.

Action in Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for defendant; appeal by plaintiff. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed June 9, 1899.

C. S. O'MEARA, attorney for appellant.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action for damages alleged to have been caused by falling through an opening in a sidewalk covered by a

loose plank.   The jury found the defendant not guilty, and the plaintiff appeals.

As the case must be submitted to another jury, we refrain from discussion of the evidence.

The court instructed the jury that, in order to find the defendant guilty of negligence, the jury must believe from a preponderance of the evidence that the city had direct notice of the dangerous conditions "given to its officer having charge or oversight of the place in question," or that the unsafe condition had lasted long enough so that, in the exercise of reasonable care, the city ought to have known.   The record does not show that the city has any such officer, nor indicate where he could be found.   The city has no right to claim exemption upon the ground that some particular officer has not been notified of the dangerous condition of a sidewalk.   It is the duty of the city's representatives—as, for example, its police or other employes—to notify the proper officer, whose duty it is to repair such places and keep them in order, and meanwhile to take proper precautions to warn people of the danger and prevent accident; and notice to such officers is notice to the city.

Another instruction told the jury that, if they "believe from the evidence and instructions of the court that the plaintiff has failed to prove any of the material allegations of her case," etc., then the verdict should be not guilty.

Juries must form their conclusion as to facts from the evidence alone.   Instructions of this nature have been heretofore condemned.   L. S. & M. S. Ry. Co. v. Rohlfs, 51 Ill. App. 215–220; Kranz v. Thieben, 15 Ill. App. 482–484. In the case before us, certain instructions of the court are clearly erroneous, and if the jury render their verdict because they believe such instructions, they are misled.

The jury were also instructed that "the plaintiff must prove her case by a preponderance or great weight of testimony," which is clearly misleading.

Exception is taken to remarks of the court during the trial.   We think some criticism is justified by this record,

and that appellant may have been prejudiced. She may or may not be entitled to recover, but is entitled to another trial. The judgment of the Circuit Court is reversed and the cause remanded.