THE WEST CHICAGO STREET RAILROAD COMPANY
*v.*
EMANUEL LEVY.

*Opinion filed October 13, 1899—Rehearing denied December 14, 1899.*

PLEADING—*when general allegation is sufficient to authorize damages for the injury proven.* In an action where injury to the "back, spine and brain" is alleged, and the evidence tends to show that such injury was the natural and proximate cause of the defective nutrition to the optic nerve and impairment of the plaintiff's eyesight, the damages claimed therefor are not special, but general, and can be recovered without being declared for specially.

WILKIN, J., and CARTWRIGHT, C. J., dissenting.

*West Chicago Street Railroad Co.* v. *Levy*, 82 Ill. App. 202, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

VANVECHTEN VEEDER, for appellant.

JOHN F. WATERS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county, against appellant, for a personal injury. Appellee was driving in a buggy on Robey street when appellant's electric car came up from behind and struck the buggy, threw appellee out and injured him.

Respecting the injury and damages the declaration alleged that the plaintiff "was severely and dangerously cut, bruised, wounded and injured, both internally and externally; that plaintiff's back and spine and brain were thereby then and there severely and dangerously and permanently injured, and divers bones of his body, arms and limbs were then and there and thereby fractured and broken, and plaintiff was otherwise severely, dangerously and permanently injured, both internally and externally;" that on account of said injuries "plaintiff became sick, sore, lame, disordered and injured, and so remained for a long space of time, during which said time he suffered great bodily pain and mental anguish, and still is languishing and intensely suffering in body and in mind, and in future will continue to suffer from the effect of said injuries for the rest of his natural life." And the principal assignment of errors relied on is that the court permitted the plaintiff to prove that one of the effects of his injuries was atrophy of the optic nerve and consequent impairment of his eyesight. The contention is, that the evidence showed that this condition of the optic nerve was produced by defective nutrition, and not by any direct injury it received in the accident; that it was not the natural and necessary result of the injury, and could not therefore be proved under the allegation of general damages, and, not having been alleged as special damages, could not be proved at all. We are of the opinion that the evidence was properly admitted under the allegations. It is not necessary to allege specially every injury to each part of the body, in actions of this character, in order to prove them on the trial. Injury to the back, spine and brain was alleged, and the evidence tended to show that such injury was the natural and proximate cause of the defective nutrition to the optic nerve and impairment of the plaintiff's eyesight. The damages claimed, therefore, were not special, but gen-

eral, and could be recovered without being declared for specially. See *Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511; *Chicago and Erie Railroad Co.* v. *Meech*, 163 id. 305; *North Chicago Street Railroad Co.* v. *Brown*, 178 id. 187; *Tyron* v. *Booth*, 100 Mass. 258; *Baltimore and Ohio Southwestern Railway Co.* v. *Slanker*, 180 Ill. 357.

It is also insisted that a new trial should have been granted below because of the highly improper language and conduct, on the trial, of the attorney for the plaintiff. The record does show such reprehensible language and conduct, but the trial judge interposed to suppress it and sustained all the objections of the defendant, and we are unable to see that the plaintiff could have been benefited in any way by the conduct in question of his counsel, or that the defendant was prejudiced thereby. This must have been the view of the trial judge in overruling the point in the motion for new trial, and in this we are inclined to hold there was no error.

There was no error committed in the instructions, and we cannot reverse the judgment because it may appear that the damages are excessive.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WILKIN: I dissent. The verdict and judgment in this case is for $10,000. The unprofessional conduct of counsel for the plaintiff prevented an orderly, fair and impartial trial, and for that reason the verdict of the jury should have been set aside and a new trial granted.

Mr. CHIEF JUSTICE CARTWRIGHT concurs in the dissent of WILKIN, J.