## Chicago & Alton R. R. Co. v. Margaret McDonnell.

1. NEGLIGENCE—*Of One Railroad Does Not Relieve Another from Liability.*—Where a passenger is injured in a collision between a street car and a railroad train, if the negligence of the railroad company operates as the proximate cause of the injury, the fact that the street car

company was also guilty of negligence will not relieve the railroad company of its liability.

2. Instructions—*Determination of the Issues Guilty or Not Guilty.*—An instruction where the hypothesis presents not alone the finding of facts, but also the determination of the issue "guilty" or "not guilty," should include not only the evidence as the basis of the finding of the fact, but also the instructions of the court as the guide for applying such findings of fact to a determination of the issues.

3. Practice—*Declaration and Proofs Admissible.*—Evidence that a plaintiff, suing for personal injuries, suffered a displacement of the womb and ovary, and that general nervous weakness resulted, is admissible under a declaration charging that the plaintiff's back and leg were greatly bruised and injured, that she then and there received terrible nervous shocks and thereby became sick, sore and lame.

4. Damages—*When $5,000 Is Not Excessive.*—A healthy young woman, nineteen years of age, while a passenger on a street car, was injured in a collision with a railroad train. After the injury she was subject to constant pain in the back, her knee troubled her and her nervous condition was bad and growing worse. A physician testified that he found, upon an examination made at the time of the trial, that there was a displacement of the womb and of the left ovary; that a result of this condition would be neurasthenia or general nervous weakness, and that in his opinion her condition would be permanent, although it might be helped by an operation, which would involve much danger. A verdict for $5,000 was held not to be excessive.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Marcus Kavanagh, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed October 29, 1900.

Statement.—On September 30, 1896, appellee was injured in a collision between an electric car of the Chicago City Railway Company and a freight train of the Chicago and Alton Railroad Company, the appellant. Appellee was a passenger on a southbound Halsted street car of the Chicago City Railway Company. Halsted street is crossed by the Chicago and Alton tracks. As the street car approached the Chicago and Alton Railroad tracks a freight train belonging to the appellant company was passing east across Halsted street. When the street car arrived within about twenty feet of the railroad tracks it stopped. The gates were then down and remained down until the freight train passed on east over the crossing and out of sight of people

on the car. The gates were then raised and wagons started to cross the tracks. The conductor of the street car had gone forward onto the railroad tracks after the gates were raised, and, while the freight train was standing still east of Halsted street, gave the signal to his motorman to move on. The motorman, in response to this signal, started his car south to cross the railroad tracks. After he started his car one of the switchmen of the appellant company gave a signal for the freight train to back up. This switchman was on the west side of Halsted street and west of the crossing. He gave no notice to the conductor of the electric street car, who was standing in the middle of the crossing, that the train was about to back up. The conductor of the freight train and the watchman and the flagman regularly stationed at this crossing, all claim to have been on the crossing at the time of the collision, and none of these employes of appellant gave any warning to the conductor of the electric car or to the people on the electric car that this freight train was about to back up over the crossing. It is undisputed that the gates were up when the train started to back up, and that they remained up until after the collision occurred. The freight train was backed up just at the time when the street car had started to cross the railroad tracks and while the gates were still up. The street car struck one of the freight cars, or was struck by it, and appellee was injured.

There was evidence from which the jury might reasonably find that there was no bell rung upon the engine or in the tower house of the watchman while the train was thus backing up.

Appellee was injured in her back and in one knee. A physician testified that he found, upon examination, made at the time of the trial, that there was a displacement of the womb and of the left ovary, and that a result of this condition would be neurasthenia or general nervous weakness, and that, in his opinion, the condition of appellee would be permanent, although it might be helped by an operation, which would involve much danger.

Appellee was nineteen years of age at the time of the trial, and she testified that previous to the injury she had been perfectly healthy, and that after the injury she was subject to constant pain in the back, that her knee also troubled her, and that her nervous condition was bad. She also testified that her condition seemed to be getting worse. Another physician testified to having treated appellee after the injury. No medical expert was called by appellant, and no evidence as to the physical condition of appellee was presented by it.

The suit was begun against the appellant and the Chicago City Railway Company, as joint defendants. At the conclusion of all the evidence counsel for appellee dismissed the action as to the Chicago City Railway Company. The jury returned a verdict against appellant and assessed appellee's damages at $5,000. From judgment upon the verdict the appeal here is prosecuted.

LEE & HAY, attorneys for appellant; WILLIAM BROWN, of counsel.

W. S. JOHNSON, attorney for appellee.

Mr. JUSTICE SEARS delivered the opinion of the court.

It is undisputed that when the collision occurred at the crossing, the north gates, which should have guarded the crossing, were up. When the gates were up, and after teams and the electric car had started to cross the tracks, the train of appellant moved back upon the crossing. The finding of the jury, by their general verdict that this constituted actionable negligence, is warranted.

There was a conflict in the evidence as to whether the watchman gave any signal of danger by ringing the bell in the tower as the train moved back. The jury might reasonably have found from the evidence that no such warning was given. But, even if the bell was rung, it would still be a question of fact for the jury to determine, whether the moving of the train upon the crossing, while the gates were

up and vehicles were crossing, was not negligence. If negligence of appellant operated as proximate cause of the injury, as the jury were warranted in finding, then the fact that the Chicago City Railway Company was also negligent, if it is a fact, would not operate to relieve appellant from its liability. N. C. St. Ry. Co. v. Dudgeon, 83 Ill. App. 528; Same v. Same, 183 Ill. 477.

The evidence is such that no contributory negligence can be imputed to appellee, and there is no such contention by counsel for appellant. We have, then, only to consider questions raised upon matters of procedure.

First, it is contended that counsel for appellee made improper remarks in the course of his argument to the jury, and therefore the judgment should be reversed. So far as objection was urged and ruling of the court thereon had, we find no error. The part of the statement of counsel to which the objection was not sustained, amounted simply to a statement that because the court gave a certain number of instructions, therefore no conclusion should be drawn that the court entertained any opinion as to the weight of the evidence. We fail to see how this statement could operate to destroy the effect of the instructions upon questions of law.

Secondly, the following instruction was tendered by counsel for appellee, given by the trial court, and the giving of it is now urged as error:

"The jury are instructed that if, under the evidence in this case, they find the defendant guilty as alleged in the declaration, then, in estimating or assessing the plaintiff's damages, the jury should take into consideration the personal injury as sustained by the plaintiff to her leg and body, if any, as proven, in consequence of the injury in question; also the pain and suffering undergone by her in consequence of her injuries, if any are proved, and any permanent injury sustained by the plaintiff, if the jury believe from the evidence that the plaintiff has sustained such permanent injury in consequence of the accident in question, and all damages, present and future, which, from the evidence, can be treated as the necessary and direct result of the injury complained of, excepting such loss of time, if any, as occurred before the plaintiff became eighteen years of age."

Complaint is made that the words " and under the instructions of the court " should have been added to the hypothesis " if, under the evidence in this case, they find the defendant guilty, as alleged in the declaration " It has been held error to include in an instruction to the jury the hypothesis " if the jury believe (any fact) from the evidence and the instructions of the court," because the jury should find facts from the evidence and not from the instructions of the court. Kranz v. Thieben, 15 Ill. App. 482.

But where the hypothesis presents, not alone the finding of facts, but, as well, the determination of the issue of guilty or not guilty, then it should include, not only the evidence as the basis of findings of fact, but also the instructions of the court as the guide for applying such findings of fact to a determination of the issues. Harvey v. Hamilton, 54 Ill. App. 507, affirmed in 155 Ill. 377.

The decisions in Kranz v. Thieben and Harvey v. Hamilton are in no way conflicting, for, in the former, it was a finding of fact only, and in the latter, a determination of the issues, which was dealt with in the instruction.

We are of opinion that in this case the direction being, in effect, that if the jury found the defendant guilty it should have been qualified by " under the instructions of the court," as well as by " from the evidence." We are not, however, of opinion that the error of this instruction should cause a reversal. There is no serious question as to the negligence of appellant as the proximate cause of the injury and there is no question whatever as to appellee's due care. The fault of the instruction has no relevancy to the measurement of the amount of the damages. Therefore we think it safe to assume that no prejudice resulted to appellant by reason of the error. It is also objected that this instruction is erroneous in that it assumes that injury did result to the leg and body of appellee. If it does so assume, no harm was done thereby, for there is no question from the evidence but that appellee was injured in her leg and body as a result of the collision.

Thirdly, it is contended that the allegations of the *narr.* that appellee's " back and leg were greatly bruised and

injured, and plaintiff then and there received terrible nervous shocks, and thereby the plaintiff became sick, sore and lame," do not cover ailments and conditions testified to by the medical experts. It was shown that appellee had suffered a displacement of the womb and ovary and that general nervous weakness resulted therefrom. We are of opinion that the allegations sufficiently cover this proof. Franklin Printing Co. v. Behrens, 80 Ill. App. 313; W. C. St. R. R. Co. v. Levy, 182 Ill. 525.

After a careful examination of all the evidence we are not prepared to hold that the amount of damages assessed is excessive. The jury were warranted by the evidence in finding that appellee was a strong, healthy young girl before the injury, and that as a result of the injury she is, and probably will be, permanently afflicted with ailments which make her a weak and nervous invalid.

No item of loss or injury was improperly presented to the jury. There seems to have been nothing in the procedure of the trial to arouse any prejudice or passion in the minds of the jury. We can not say that their measurement of the damages is excessive.

The judgment is affirmed.