## THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

## MARGARET McDONNELL.

*Opinion filed December 18, 1901.*

1. NEGLIGENCE—*when question of negligence in an action for personal injury is properly left to the jury.* The question of negligence by the defendant railroad company is properly left to the jury under evidence that the plaintiff was a passenger on a street car; that the defendant's freight train was crossing the street car tracks as the car approached; that the car stopped some twenty feet from the crossing gates, which were down; that as the freight train cleared the crossing the gates were raised and the street car started to cross the tracks, but before it could get over, the freight train, without warning, backed up, collided with the car and injured the plaintiff.

2. PLEADING—*to recover general damages injuries need not be described with particularity.* If general damages, only, are claimed, it is not necessary that the injuries received by the plaintiff, for which such damages are claimed, should be described with particularity in the declaration.

3. SAME—*when omission from instruction will not reverse.* The omission of the words "and under the instructions of the court" from the hypothesis, "If, under the evidence in this case, they [the jury] find the defendant guilty as charged in the declaration," etc., contained in the plaintiff's only instruction, is not reversible error where the defect has no influence upon the question of the amount of damages recoverable, and there is no serious question as to the negligence of the plaintiff being the proximate cause of the injury and none whatever that the plaintiff was exercising due care at the time he was injured.

*Chicago and Alton R. R. Co.* v. *McDonnell,* 91 Ill. App. 488, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

LEE & HAY, (WILLIAM BROWN, of counsel,) for appellant.

W. S. JOHNSON, for appellee.

Mr. Justice Boggs delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment in the sum of $5000 entered in the superior court of Cook county in favor of the appellee and against the appellant company, and a further appeal has brought the record into this court.

The declaration was in case, and in substance alleged that a street car in which the appellee was riding as a passenger was, through the negligence of employees of the appellant company, ran upon by a freight train of the appellant company and that the appellee was injured in the collision.

It is first urged the court erred in overruling the motion entered by the appellant company, at the close of all the evidence, to direct a peremptory verdict in its favor. We think the testimony clearly sufficient to justify the submission of the cause to the jury. It appeared from the testimony that on the 20th day of September, 1896, the appellee, then about the age of sixteen years, was a passenger on an electric car of the Chicago Street Railway Company, which was moving southward along Halsted street, in the city of Chicago; that the tracks of the railroad operated by the appellant company crossed Halsted street at right angles, and that the appellant company maintained gates at the crossing which were operated from a tower by one of its employees; that when the electric car approached near to the crossing of appellant's railroad one of appellant's freight trains was passing eastward along its tracks across Halsted street; that its employee, the gate-keeper, had dropped the gates so as to prevent persons and vehicles from going on to the tracks of the railway company; that the electric car stopped within about twenty feet of the gates; that the freight train passed over or across Halsted street and the gate-keeper raised the gates; that as the freight train was clearing Halsted street the conductor of the

electric car left his car and made his way to the railroad tracks. and when the freight train had passed eastward beyond the limits of the street signaled the motorman to move the car forward; that the electric car was put in motion, and that immediately thereafter the freight train was given a backward motion and the conductor of the street car signaled to the motorman to stop, and the motorman attempted to obey the signal but was unable to stop the car in time to prevent a collision, the tracks being wet and slippery and the grade descending; that the end of the rear car of the freight train struck the electric car and injured the appellee. There was a board fence running eastward from Halsted street on the north side of the railroad track, which obstructed the view of the railroad train from the point in the street where the car was standing. There was testimony tending to show the gate-keeper, after raising the gates, rang the bell in the tower with the view of giving warning that the freight train was about to back across the street, but there was testimony, negative in character, also in denial of this proof, and the testimony of other witnesses was to the effect the bell in the gate tower did not begin to ring until the instant of the collision. The testimony tended to show that no warning of the intention to move backward was given by the bell or whistle of the locomotive, or by any signal or act of any of the men engaged in operating the train. The act of raising the gates by appellant's employee was an invitation to those in charge of the electric car to proceed across the tracks. It contributed to the collision and the consequent injury to appellee. Whether, under the circumstances, it was an act of negligence was clearly a question for the determination of the jury. So, also, was the question whether, after having passed over the crossing, the moving of the railroad train backward again over the crossing, without any warning, and while the gates were up, constituted negligence. The court did not err in refusing to declare,

as matter of law, the evidence was insufficient to justify the submission of the issue of negligence to the jury.

It is next insisted the allegations of the declaration upon the subject of appellee's injuries did not warrant the admission of the evidence of Dr. Dal as to her injury. The declaration sets forth the injuries sustained by the appellee in the following language: "Her back and leg were greatly bruised and injured and plaintiff then and there received terrible nervous shocks, and thereby the plaintiff became sick, sore and lame and has so remained from that time to the present, during all of which time she has suffered great pain and has been hindered from attending to and transacting her usual affairs and business." Dr. Dal, over the objections of appellant company, was allowed to testify, in substance, that his examination of the appellee disclosed some displacement of the uterus, and that the left ovary had fallen or dropped into the "*cul de sac* of Douglas;" that the womb occupied a "false position," etc., and that general nervous weakness resulted therefrom. The rule is, where general damages, only, are claimed, it is not necessary that the injuries received by the plaintiff should be described with particularity in the declaration. When special damages are claimed to have resulted from the injury the pleading is required to be more specific. If, for instance, only general damages are sought for an injury to a limb, it is sufficient that the declaration shall show, in a general way, that the limb was injured; but if the plaintiff seeks special damages on the ground he was engaged in a business which required specifically the use of the limb and the injury deprived him of this special use of it, then the injury to the limb should be specifically stated. *West Chicago Street Railroad Co.* v. *Levy*, 182 Ill. 525; *City of Chicago* v. *Sheehan*, 113 id. 658; *Franklin Printing Co.* v. *Behrens*, 181 id. 340; 5 Ency. of Pl. & Pr. 746-748, and notes.

The appellee asked but one instruction. It was designed to enlighten the jury as to the elements of dam-

age proper to be considered if they should find for the plaintiff. It is as follows:

"The jury are instructed that if, under the evidence in this case, they find the defendant guilty as alleged in the declaration, then, in estimating or assessing the plaintiff's damages, the jury should take into consideration the personal injury sustained by the plaintiff to her leg and body, if any, as proven, in consequence of the injury in question; also the pain and suffering undergone by her in consequence of her injuries, if any are proved, and any permanent injury sustained by the plaintiff, if the jury believe, from the evidence, that the plaintiff has sustained such permanent injury in consequence of the accident in question, and all damages, present and future, which, from the evidence, can be treated as the necessary and direct result of the injury complained of, excepting such loss of time, if any, as occurred before the plaintiff became eighteen years of age."

The Appellate Court, in disposing of the complaints as to this instruction, in the opinion rendered in the cause said: "Complaint is made that the words 'and under the instructions of the court' should have been added to the hypothesis 'if, under the evidence in this case, they find the defendant guilty as alleged in the declaration.' * * * Where the hypothesis presents not alone the finding of facts, but as well the determination of the issue of guilty or not guilty, then it should include not only the evidence as the basis of findings of fact, but also the instructions of the court as the guide for applying such findings of fact to a determination of the issues. (*Harvey* v. *Hamilton*, 54 Ill. App. 507, affirmed in 155 Ill. 377.) * * * We are of opinion that in this case the direction being, in effect, that if the jury found the defendant guilty, it should have been qualified by 'under the instructions of the court' as well as by 'from the evidence.' We are not, however, of the opinion that the error of this instruction should cause a reversal. There is no serious question as

to the negligence of appellant as the proximate cause of the injury, and there is no question whatever as to appellee's due care. The fault of the instruction has no relevancy to the measurement of the amount of the damages, therefore we think it safe to assume that no prejudice resulted to appellant by reason of the error. It is also objected that this instruction is erroneous in that it assumes that injury did result to the leg and body of appellee. If it does so assume, no harm was done thereby, for there is no question, from the evidence, but that appellee was injured in her leg and body as a result of the collision." These remarks meet our approval, as answering correctly and fully the criticism of the instruction.

We think the contention is groundless that counsel for appellee, in his closing argument to the jury, indulged in remarks which were intended to, and did tend to, discredit the authoritative value of the instructions as correct declarations of the legal principles involved. Possibly a remark made by counsel might have been so understood, but an objection to it was sustained and the remark directed to be withdrawn, and counsel explained in his further remarks to the jury that he did not wish to be so understood. Moreover, the court, in addition to withdrawing the remarks which evoked objection, gave the jury the following instruction:

4. "This case must be decided by the jury on the evidence, under the instructions of the court, and not upon the statement of counsel outside of the evidence, unsupported by the evidence, if any such statements have been made. The evidence and law alone must govern your verdict. The jury are informed that the instructions of the court are the law of the case, which must govern them."

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*