# John Yaeger, Appellee, v. Chicago City Railway Company, Appellant.

## Gen. No. 15,978.

1. VERDICTS—*when duty of Appellate Court to reverse.* It is the duty of the Appellate Court to reverse a judgment if the verdict is found against the manifest weight of the evidence.

2. VERDICTS—*when not excessive. Held,* in an action on the case for personal injuries, that the verdict for $6000 was not excessive where it appeared that the damages capable of exact ascertainment were proven to the extent of nearly $700; that the plaintiff's leg was shortened and other physical injuries sustained; and that his ability to perform labor was impaired.

3. PASSENGER AND CARRIER—*right of former to rely upon exercise of care.* A passenger has a right to assume that a motorman will not be negligent.

4. DAMAGES—*when injuries in personal injury action need not be described.* Where general damages only are claimed it is not necessary that the injuries received by the plaintiff should be described with particularity in the declaration.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the October. term, 1909. Affirmed. Opinion filed December 22, 1911. Rehearing denied January 9, 1912.

JAMES G. CONDON and C. LEROY BROWN, for appellant; LEONARD A. BUSBY, of counsel.

GALLAGHER & MESSNER, for appellee; CHARLES H. BRYCE and MATTHEW J. HUSS, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

Suit was brought by the appellee against the appellant for damages for personal injuries received while a passenger on one of its cars.   Other parties were joined as defendants, but the suit as to them was dismissed before judgment.   There was a verdict in favor of the appellee and judgment entered thereon against the appellant in the sum of $6,000.

The accident occurred at the intersection of State and Fourteenth streets, in the city of Chicago.   State street runs north and south, and Fourteenth street runs east and west.   Appellee was standing on the front platform of the car.   The car was proceeding south on State street, and just before reaching Fourteenth street met a truck wagon being driven northwardly.   The pole of the truck wagon ran into the east side of the front dashboard of the car, penetrating it and knocking the controller-box loose from its fastenings.   The controller-box fell against Yaeger and broke the tibia and fibula of his left leg.   He claims to have sustained other external—as well as internal—injuries.   After the accident the wagon was backed and driven to one side of the street.

The other parties referred to as having been joined as defendants were so joined on the theory that some of them were the owners of the wagon.   The jury found specially that the wagon was owned by Taft Brothers, and rendered a verdict against the appellant and James M. Taft, who was the only member of the firm of Taft Brothers served with summons.   Because certain instructions offered by James M. Taft were inadvertently neither given nor refused by the court, the court granted a motion for a new trial as to him, whereupon suit was dismissed as to the defendants other than the Chicago City Railway Company, and judgment entered on the verdict against that defendant.

The grounds upon which it is alleged the judgment should be reversed are, that the verdict was against the clear preponderance of the evidence; that there was reversible error in admitting proof of damages at variance with the declaration; that the damages are grossly excessive; that the court erred in ruling on instructions.

We have carefully read the evidence in the record and the arguments of counsel in reference thereto. We were also assisted by oral arguments of counsel on the questions involved, particularly as to the facts of the case.

The jury found both the driver of the wagon and the motorman of appellant negligent. It would of course be our duty to reverse the case if the verdict of the jury should be found to be against the manifest weight or preponderance of the evidence. Nelson v. East St. Louis Railroad Co., 235 Ill. 625.

The wagon, as heretofore stated, was coming towards the car. It is clear from the evidence that it had been proceeding upon the northbound track, and there would have been no collision if it had remained upon that track. The testimony on the part of the appellant tends to show that at the time of the collision the car was going at a rate of speed not to exceed four or five miles an hour, and that the wagon, when the car was within ten feet (or less) of it, abruptly turned upon the southbound track; that the motorman immediately applied the airbrake and had the car almost stopped at the time of contact.

On the part of appellee the testimony tends to show that when the horses started to make the turn the car was about two hundred feet away from the heads of the horses, and that the motorman sounded the gong vigorously but did not attempt to stop the car. The plaintiff and another witness named McLinden testified that McLinden, when the car was about two hundred

feet away, said to the motorman: "Look out, you'll hit that fellow."

The motorman testified that when he first paid any attention to the team and wagon they were fifty or seventy-five feet away from the car.

It is only where the verdict is clearly and manifestly against the weight or preponderance of the evidence that this court should reverse because of lack of proof. We cannot say that such is the situation in the case now being considered.

It is insisted by the appellant that the appellee has not shown himself to be guiltless of contributory negligence. The degree of care required of a passenger is entirely different from that of one who is in a vehicle which comes in contact with a car, whether the latter be the driver or the companion of the driver. The appellee had the right to assume that the motorman would not be negligent. Hickey v. Chicago City Ry. Co., 148 Ill. App. 197. We think that the question as to whether or not the appellant was guilty of negligence, and the question as to whether or not the appellee himself was guilty of contributory negligence, were both properly left to the jury to determine.

Testimony was introduced with reference to an attack of empyema, which appellee claimed to have had after the accident. It is insisted that this evidence was improperly admitted. The declaration charges that the appellee was "severely, dangerously and permanently injured, both internally and externally, and divers bones in plaintiff's body and limbs were then and there fractured and broken." In a subsequent paragraph of the declaration the following language is used: "that prior to receiving said injuries, plaintiff was a strong, healthy and vigorous and robust man, and was able to and did earn large sums of money at his occupation and business." It is insisted by appellant that the attack of empyema was not a new disease but that it was, if anything, a recurrent attack of

a disease from which appellee had theretofore suffered. It is true that the record discloses that in 1903 the appellee had an attack of empyema, and that he was operated on by the same surgeon who attended him at the time of the accident now under consideration.   There is evidence, however, tending to show that he had recovered from this attack some months at least prior to the accident, and also evidence tending to show that the second attack was brought on by the accident.

It has been held that where general damages only are claimed, it is not necessary that the injuries received by the plaintiff shall be described with particularity in the declaration.    C. & A. R. R. Co. v. McDonnell, 194 Ill. 82.    Whether or not appellee had fully recovered from his first attack of empyema, and whether or not the second attack was brought on by the accident in question, were matters for the jury to determine. If he had fully recovered, then the language in the latter part of the declaration as to his being in good health prior to the accident was warranted by the proof.    We do not think that the judgment should be reversed on the ground that improper evidence was received.

The amount of the verdict is, in our opinion, large, but we do not think it so excessive as to require us to reverse the judgment.    The point was urged before the trial judge, upon the motion for a new trial, and a new trial denied.    The record shows that damages capable of exact ascertainment were proven to the extent of nearly $700.    The damages for which appellee should receive compensation because of his inability to perform as much labor as he did prior to the accident, damages on account of shortening of the leg, and those occasioned by the attack of empyema, if that attack was caused by the accident, in addition to those on account of pain and suffering, are necessarily not the subject of direct ascertainment, and while, as heretofore stated, we think the amount fixed by the jury is

large, we do not think it so excessive as to warrant a reversal of the judgment.

We are next asked to reverse the judgment because of three instructions offered by the appellee and given by the court, and on account of the refusal of the court to give one instruction as requested by the appellant. An examination of the record shows that the court gave thirteen instructions requested by the appellant, without modifying the same; that he gave with slight modifications two additional instructions asked by the appellant. It also shows that he prepared himself and read to the jury an instruction. These sixteen instructions, some of which are of great length, together with those given at the request of the appellee, we think fully advised the jury as to the law by which they should be governed in arriving at their verdict. In our opinion, none of the instructions given at the request of the appellee is subject to serious criticism.

The judgment will be affirmed.

*Judgment affirmed.*