# JOHN S. PAUL

## *v.*

# AMOS BERRY.

1. PRINCIPAL AND SURETY—*no presumption as to several signing note.* Where several persons execute a promissory note, there will be no presumption that the first signer, or any other number less than the whole, is or are principal or principals, and the others co-sureties, but the fact rests in evidence *aliunde* to determine the relation they sustain towards each other.

2. SAME—*when held principal by ratification.* Where a father executes a promissory note, and signs his son's name thereto as principal, and procures others to sign as sureties, and the son afterwards ratifies the act by suffering judgment to go against him on the note, with full knowledge that it is claimed he is principal, he can not maintain a suit against the sureties for contribution.

3. SURETIES—*contribution.* Where it is established by proof that two or more persons are co-sureties, and one of them pays the debt for which they are liable, he may have contribution from the others to the extent they are thereby relieved.

4. It is also well settled, that co-sureties may, by agreement among themselves, so far sever their unity of interest and obligation, as to terminate the right of contribution.

5. PROMISSORY NOTE—*ratifying execution.* Where a person's name is signed to a promissory note without his authority, he may ratify its execution and acknowledge its binding validity upon him, and when this is done, his relation to the note will be precisely the same as if he had executed it personally.

6. EVIDENCE—*declarations as res gestæ.* If a father, executing a note, signs his son's name, and procures others to become sureties, what he says to the sureties at the time of their signing, as to the son being a principal with him, is competent evidence, as a part of the *res gestæ*, where the son afterwards ratifies the execution of the note. By such ratification, with a knowledge of the facts, the son makes the acts and declarations of the father his own.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

On the 30th of August, 1870, David D. Berry, John Berry, Amos Berry, John S. Paul, John Henry and Daniel G. Gil-

ham executed their promissory note in writing, whereby they jointly promised to pay the board of trustees of schools of township 4, range 9, in the county of Madison, etc., $600, with interest at ten per cent per annum, payable semi-annually, in advance, etc. After the maturity of the note, judgment was obtained against the makers, which was ultimately paid by Amos Berry.

The present suit is brought by Amos Berry against John S. Paul, to recover from him, as a co-surety on the note, his aliquot share of the amount which Amos Berry has paid on the judgment.

The suit was instituted before a justice of the peace of Madison county, whence, after judgment, it was appealed to the circuit court of that county. The case was tried in that court at its March term, 1875, when the jury, under instructions of the court, rendered a verdict for the plaintiff, for $148.51. Motion for a new trial was made by defendant, but overruled by the court, and the court thereupon gave judgment upon the verdict of the jury, to reverse which the defendant prosecutes this appeal.

The errors assigned question the rulings of the court below in allowing improper testimony to go to the jury, in excluding proper testimony offered by the defendant, in giving and refusing instructions, and in overruling the motion for a new trial, and rendering judgment on the verdict of the jury.

Mr. CHARLES P. WISE, for the appellant.

Messrs. METCALF & BRADSHAW, and Mr. HENRY O. BILLINGS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

From the face of the note, the makers appear to be jointly liable to the payee as principals, and that the plaintiff was so liable, together with the other makers, was admitted by his

failure to make defense when suit was brought on the note, and this is all that is established by the record of the judgment in that case. As between the makers, there arises no presumption, simply from the note or the judgment, that the first signer, or any other number less than the whole, is or are to be treated as principal or principals, and the others as co-sureties, but it rests in evidence, to be introduced *aliunde* the note and judgment, to determine what relation they sustain towards each other. The burden is upon the plaintiff to prove that he is a surety, not only as between himself and his father, David D. Berry, whom he claims to be principal, but also as between himself and the defendant, for, notwithstanding where it is established that two or more persons are co-sureties, and one of them pays the debt for which they are liable, he may have contribution from the others to the extent they are thereby relieved, it is well settled that co-sureties may, by agreement among themselves, so far sever their unity of interest and obligation as to terminate the right of contribution. 2 Chitty on Conts. (11 Am. Ed.) p. 894, and note; *Moore* v. *Isley,* 2 Devereux & Battle's Equity, 372, 374; *Baggott and another* v. *Mullen,* 32 Ind. 332; *Harris* v. *Warner,* 13 Wendell, 400; *Barry* v. *Ransom,* 12 N. Y. (2 Kernan,) 464.

It is true, it was said by GRAY, J., in delivering what purports to be the opinion of the court in *Norton* v. *Coons,* 6 N. Y. (2 Selden,) 33, that, from the mere execution of the note, an implication arises that the sureties, as between themselves, are to share the burthen equally, and that parol evidence is inadmissible to contradict what is thus implied; but this view, as appears by the separate opinions of other members of the court, was not concurred in by a majority of the court, and it is expressly repudiated in the subsequent case of *Barry* v. *Ransom, supra,* where it is held parol evidence is admissible for the purpose of showing what relations several persons, who are sureties for a common principal, intended to sustain towards each other. And to the same effect is *Blake*

v. *Cole,* 22 Pickering, 97, and the *dictum* of Lord ELDON in *Craythorne* v. *Swinburne,* 14 Vesey, 160.

Plaintiff, in giving his evidence, denies that he received any part of the consideration for which the note was given; that he signed his name to the note, or that he had anything whatever to do with its execution. If this be true, he had a perfect defense, which he might have relied upon, had he chosen to have done so, when he was sued on the note. It was, however, competent for him to ratify the execution of the note and acknowledge its binding validity upon himself, and when this was done, his relation to the note was precisely the same it would have been had it been executed by him personally.

It would seem to admit of no doubt, even if he did not receive any portion of the consideration for which the note was given, he might voluntarily become a principal, and this, whether the note was signed by his father, who received the consideration, or not. If he might do this himself, he might do it by another; and being done by another, his subsequent ratification of the act would be equivalent to a prior authority in him whose acts he ratified.

The evidence of ratification of the execution of the note by the plaintiff is ample in the facts, that he suffered judgment thereon to go against himself, without attempting to make defense, and that he subsequently paid the judgment. Before judgment went against him, he was informed that the defendant and Gilham became sureties on the note, with the understanding that he was principal. He then denied that he was either principal or surety, and his subsequent acts of ratification were, therefore, with full knowledge that it was claimed he was principal, and not surety.

We think the evidence of what was said and done between David D. Berry, and the defendant and Gilham, when he applied to them to become sureties on the note, was competent. It was part of the *res gestœ,* and tended to show what the understanding and intention of the parties were, as between

11—78TH ILL.

each other, when they signed the note; and the plaintiff's ratification of his liability on the note, after knowedge of the position it was claimed he occupied toward the defendant and Gilham, makes the acts and declarations of his father, in obtaining their signatures, his own. ·

The judgment is reversed and the cause remanded.

*Judgment reversed.*