SOPHIA L. BENNETT ET AL. V. CHARLES C. MCDONALD.

FILED MARCH 21, 1900. No. 10,422.

1. **Evidence:** INFLUENCE ON JURY. The admission of immaterial evidence which could not have influenced the minds of the jury is not reversible error.

2. **Sale of Property?** FRAUD: RIGHTS OF CREDITORS: RES GESTÆ: CONVERSATIONS OF VENDOR AND VENDEE. In the trial of an action in which a sale of property is questioned as having been made in fraud of the rights of creditors, it is proper to receive in evidence conversations of the vendor and vendee in negotiating and consummating contracts out of which arose the consideration for the alleged fraudulent transfer.

3. ——: ——: ——: EVIDENCE: MOTIVES OR CONDUCT OF PARTIES. In the trial of actions in which a fraudulent transfer of property is alleged, any evidence which reasonably tends to illumine the transaction and explain the motives or conduct of the parties is admissible.

4. **District Court:** JUDICIAL NOTICE: CONTENTS OF BRIEF. The district court will not take judicial notice of the contents of a brief filed by one of the litigants in this court when the cause was pending here on appeal or error.

5. **Instructions Not Based on Evidence.** It is not error to refuse instructions which are not based on the evidence.

6. **Evidence Sufficient.** Evidence examined, and found sufficient to support the judgment.

ERROR to the district court for Douglas county. Tried below before DICKINSON, J. Rehearing of case found on page 234, 59 Nebr. *Judgment below affirmed.*

*Hall & McCulloch,* for plaintiffs in error:

This was a transaction between relatives, and the burden of proving actual consideration, and that the transaction was in good faith, was upon McDonald, the pur-

chaser. *Plummer v. Rummel*, 26 Nebr., 142; *Steinkraus v. Korth*, 44 Nebr., 777.

W. W. *Morsman* and E. M. *Morsman, contra,* as to *bona fides* of transaction between relatives and as to the bur- den of proof, cited: *Thompson v. Loenig*, 13 Nebr., 386; *Fisher v. Herron*, 22 Nebr., 185; *Bartlett v. Cheesbrough*, 23 Nebr., 767.

A preponderance was sufficient. *Stevens v. Carson*, 30 Nebr., 550; *Carson v. Stevens*, 40 Nebr., 112; *McEvony v. Rowland*, 43 Nebr., 97; *Steinkraus v. Korth*, 44 Nebr., 777. There is no authority for holding that the fact must be clearly proven. Such a rule requires more than a pre- ponderance, and in a civil case, a preponderance is all that is required.

SULLIVAN, J.

This is the second hearing of this case. The events in which the litigation had its origin are chronicled in the former decision (*Bennett v. McDonald*, 59 Nebr., 234), reversing the judgment of the district court for what was conceived to be error in the admission of testi- mony given by McDonald as a witness in his own behalf. A further and more thorough examination of the record has given us a clearer and better view of the scope and purpose of the evidence held to have been erro- neously admitted, and we are now convinced that we were entirely wrong upon both points decided adversely to the plaintiff.

In regard to the first point, it was said that the witness should not have been permitted to testify that he di- rected Conroy to invoice the stock in question at whole- sale prices, because that fact was not relevant to the issue, and may have induced the jury to believe that the transaction under investigation was an honest one. It may be conceded that the evidence had no legitimate tendency to prove that the sale by Irish to McDonald was made in good faith and without any intent to hinder,

delay or defraud the vendor's creditors; but, considering the purpose for which the testimony was offered, and its absolute isolation from the other facts developed at the trial, we can not believe that it was heeded by the jury, or that it swayed them in the slightest degree in favor of the plaintiff's theory of the case. The invoice was made before the sale of the stock, and had, so far as the record shows, no relation to, or connection with, that transaction. It was not received in evidence and the jury were not advised of its contents. It had, in our judgment, no bearing whatever upon the good faith of either McDonald or Irish. The questions propounded to McDonald were evidently designed to lay the foundation for other evidence touching the value of the property in controversy, at the time it was seized by Bennett under the order of attachment. The foundation was not fully established, and the invoice was not used. It is possible, of course, that the jury may have regarded the direction given by McDonald to Conroy as evidence bearing upon the principal fact in dispute; but if so, they must have acted irrationally, and this we will not presume. Few verdicts would stand, if courts proceeded on the assumption that every item of irrelevant or immaterial evidence admitted during the trial of a cause was, through the perversity of the jury, permitted to tell in favor of the successful party.

We pass now to the consideration of the third and fourth assignments of error, which were sustained by our former decision. These assignments challenge the correctness of some rulings of the court admitting in evidence certain conversations between McDonald and Irish. It is contended by counsel for the defendants that proof of what was said between the parties is mere hearsay; and we were induced on the former hearing to so hold. A little reflection, with a fuller comprehension of the record, has satisfied us we were wrong. The alleged consideration for the transfer in question was an indebtedness, emerging, it is claimed, out of a series of transac-

8

tions between Irish, acting for himself, and McDonald acting as the agent of his wife. Whether this indebtedness was genuine or fictitious, real or simulated, was the nub and core of the whole controversy. To show that it was real, and that it was the ultimate and honest product of all the dealings between the parties, it was proper that every one of their business transactions should be dissected and its elements laid bare. The balance claimed to be due from Irish to McDonald was the result of a number of contracts, settlements and agreements for the correction of errors. To prove these things, it was necessary to show what the parties said to each other in relation to the several matters at the time they were under consideration. Such evidence was clearly original, and was, in fact, the only means by which it could be proven that contract relations existed between them. "Where there is a series of transactions," say the supreme court of Indiana, "bound together and resulting in one consummated contract, all that is said and done by the parties in the course of their negotiations, and as part of the consummated agreement, are competent in all cases where they are relevant and affect the question of consideration." *Colt v. McConnell*, 116 Ind., 249, 255. Authorities in support of our conclusion that the rulings of the trial court upon this branch of the case were correct are not wanting. *Kenney v. Phillipy*, 91 Ind., 511, 513; *Porter v. Waltz*, 108 Ind., 40; *Paul v. Berry*, 78 Ill., 158; *Kimball v. Huntington*, 10 Wend. [N. Y.], 675; Bradner, Evidence, 345.

There are some other assignments of error based on the admission and rejection of testimony, but they do not merit special consideration. In actions of this character, both parties are entitled to a wide range of evidence. Anything reasonably tending to illumine the transaction under investigation by explaining the motives or conduct of the parties is generally received, and given to the jury for what it is worth. In dealing with the evidence, the trial court exercised admirable judgment, and has made

a record which, for its size, is singularly free from rulings of doubtful propriety.

It is claimed that the law of the case as settled in *Bennett v. McDonald*, 52 Nebr., 278, was disregarded at the trial. The brief referred to in that decision is not in the record before us, and the district court was not bound to take judicial notice of its contents. The court, therefore, did not err in making its rulings in accordance with the general law.

It is argued that the verdict is contrary to the ninth instruction, which informed the jury that the written statements made by Irish to the McDonalds were not conclusive evidence that the business was profitable, and that it was necessary to show, in some way, an actual net gain. There was other evidence of profits. Besides, the jury might, under the instruction, base their finding on the written statements referred to, although regarding them as disputable evidence of the facts to which they bore witness.

The defendants tendered instructions whereby they sought to submit to the jury the theory that Irish and Mrs. McDonald were partners. These requests were properly refused, because there was no evidence tending to prove a partnership, and for other sufficient reasons which it is needless to mention.

The contention that the verdict is not supported by sufficient evidence can not be sustained. Two juries have found in favor of the plaintiff. Both verdicts were sustained by the trial court, and we see no special reason to doubt the justice of plaintiff's claim. The judgment heretofore rendered by this court is vacated, and the judgment of the district court

AFFIRMED.