## MIECYSLOS J. BRZEZINSKI *vs.* DENNIS H. TIERNEY.

Hartford Dist., Oct. T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, Js.

In a complaint for assault and battery, demanding general damages only, all the acts and circumstances attending upon and giving character to the assault, may be shown by the plaintiff to enhance damages.

Where the defendant, in an assault upon the plaintiff had pushed him with great force against a car, and he was injured by the violent contact, it was held that this might be shown to enhance damages without any averment of the fact.

And held that it might also be shown as a ground of recovery, under a general allegation of an assault, without any averment of this particular injury. It would be a part of the assault.

And where a complaint alleged that the defendant "assaulted the plaintiff and beat him with a cane," it was held that the plaintiff might show that the defendant in the struggle pushed him with violence against the car, and thereby injured him.

[Argued October 14th, 1890—decided January 5th, 1891.]

ACTION for an assault and battery; brought to the District Court of Waterbury, and tried to the jury before *Bradstreet, J.* Verdict for the plaintiff and appeal by the defendant for error in the rulings and charge of the court. The case is fully stated in the opinion.

*J. O'Neill,* with whom were *C. W. Gillette* and *G. E. Terry,* for the appellant.

*E. F. Cole,* for the appellee.

LOOMIS J. This action was brought to recover damages for an assault and battery. The complaint alleges that, at a time and place mentioned, the defendant assaulted the plaintiff and beat him with a cane; that the plaintiff was then in business earning ten dollars a day; that said battery injured him severely, and disabled him, and will disable him for three months, from attending to his business; and that he was compelled, and will be compelled, to pay one hundred dollars for medicines and medical care and attendance," etc. The defendant pleaded the general issue only, and the case was tried to the jury in the District Court of Waterbury, and resulted in a verdict for the plaintiff to recover two hundred and twenty-five dollars damages.

The finding of the court, so far as is necessary to present the questions raised by the appeal, is as follows:

"On July 17th, 1889, while the plaintiff was engaged in conversation with one David David, the defendant, armed with a loaded revolver, and with a heavy walking stick in his hand purchased by him the evening before, stole up to the plaintiff, unobserved by him, and without warning or outcry struck the plaintiff several powerful blows on the head with the stick in question. The plaintiff, bewildered

and dazed, grappled with the defendant, who pushed him backwards with considerable force against the platform of a horse-car standing near the scene of conflict, in the meantime showering blows on his head and shoulders. The plaintiff's buttocks came in contact with one of the iron projections of the car-platform with such violence as to cause a red bruise, resulting in considerable pain; bystanders interfered and separated the assailant and his victim; a minute later the defendant tried to force himself from the party leading him away in order to go back, and, as he expressed it, "do him up," referring to the plaintiff. The plaintiff was cut and bruised about the head and shoulders, and for several days he suffered considerable pain at the point where he came in contact with the car platform. By bathing and treatment the external effects of the blows disappeared, while the pain remained, increasing in intensity, until he sought a physician for relief. On the first examination the physician pronounced it hemorrhoids, but afterwards confessed to having been mistaken in his diagnosis, and pronounced it a fistula or abscess, from which he suffered much pain, with loss of sleep and inability to work for six months after the assault. Considerable evidence was offered by both sides, *pro* and *con*, as to whether the blow against the car platform did or did not cause a fistula. All the foregoing evidence was offered and received by the court and jury without objection by either party. The defendant asked the court to charge the jury as follows:

" ' This plaintiff alleges that the defendant beat him with a cane; there is no allegation that he was pushed against the car and that he was injured thereby. He cannot recover for an injury received by being pushed against the car. If the fistula was not the ordinary, natural result of the blow, the plaintiff cannot recover for this injury, for it is not alleged in the complaint.' "

The questions for review must be confined to the two points contained in the defendant's requests to charge the jury, namely, first, that the plaintiff cannot recover for an injury received by being pushed against the car; second,

that if the fistula was not the ordinary natural result of the blow the plaintiff cannot recover for the injury. The court charged the jury as follows upon the second point:—" That unless they found as a fact that the fistula was the ordinary and natural result of the blow received during the assault when the plaintiff came in contact with the car platform, they must not consider that part of the plaintiff's evidence as having any bearing whatsoever on the question of damages; moreover, that the burden of proving this connection was upon the plaintiff; that the defendant was only liable to the plaintiff, if liable at all, for the direct and natural consequences of the assault, and that if they should find from the evidence offered in relation to the fistula that it was not the natural and direct consequence resulting from the blow against the car, this evidence should be dismissed from their minds in considering the case or in assessing damages against the defendant."

It will be seen that there is a striking similarity between the request and the charge. Both are identical as to the principle of law to be applied, namely, that in an action for assault and battery the plaintiff is entitled to recover the damages ordinarily and naturally resulting from the act complained of, although the complaint contains only the allegation of general damages. Both deal with the direct and proximate cause of the fistula as an element of damage. Both assert that if the fistula was not the direct and natural result of the assault and battery there can be no recovery on that account, and both agree that if it was the direct and natural result it was a proper element of damage for the jury to consider. The fact that the defendant adds as a reason for the proposition contained in the request that the complaint contains no allegation as to the fistula, is entirely immaterial as furnishing any basis for a distinction between the request and the charge. The only possible distinction relates to the cause of the fistula under the limitations of the complaint. The defendant says it must have come from the *blow*, which of course means the assault and battery, and is correct. The court said the injury must

have come from the " assault," by which the court, as appears from the context, meant assault and battery, and which is identical in meaning with the defendant's proposition as matter of law. But the court, in applying the agreed principle of law to the facts of the case, speaks of the result of " the blow received during the assault when the plaintiff came in contact with the car platform." On the other hand the defendant, as we infer from his first request (for the second request is silent on that point), would restrict the source of the injury to the blow from the cane, because that is the only battery specially mentioned in the complaint. Is there good ground for any such distinction ?

It is to be observed, in the first place, that the defendant did not object to the evidence as to the thrusting of the plaintiff against the car, ahd as to the fistula claimed to have resulted from it. Then the act of thrusting the plaintiff against the car was in fact as truly a part of the assault and battery as the beating with the cane. The court finds that " the defendant pushed the plaintiff with considerable force against the platform of a horse-car standing near the scene of conflict and in the meantime continued to shower blows on the plaintiff's head and shoulders." So it was all one transaction—one assault and battery; and unless the plaintiff can recover for the whole in this action he is remediless.

If then the defendant would take any benefit whatever from any difference between his request and the charge as given, he must show that the court should have held that there was a technical variance between the allegations and the proof as to the mere extent of the battery. In reference to this it is suggested, first, whether the defendant not having objected to the evidence can now have the full benefit of it by his request to charge the jury. But, before coming to that question, we will consider another that lies back of it, and may render a discussion of the first unnecessary ; namely,—in an action for assault and battery is it necessary to allege in the complaint all the separate acts of violence

done by the defendant during one continuous assault, in order to have the benefit of them in the proof?

"It is well settled that an indictment for assault and battery need not describe the instrument used, and error in the description is not a material variance. Upon an indictment alleging shooting and striking with a gun, a conviction upon evidence of beating with a stone was sustained. *Ryan* v. *The State*, 52 Ind., 167. Even in indictments for murder, where the injury is specifically set forth, it is sufficient if the proof agree with the allegation in its substance and generic character. Thus, if the allegation be that death was caused by stabbing with a dagger, and the proof be of killing by any other sharp instrument, or if it be alleged that the death was caused by a blow with a club, or by a particular kind of poison, or by a particular manner of suffocation, and the proof be of killing by a blow given with a stone or any other substance, or by a different kind of poison, or another manner of suffocation, it is sufficient, for, as Lord COKE observes, the evidence agrees with the effect of the indictment, and so the variance from the circumstances is not material." 3 Greenl. Ev., § 140.

In *People* v. *Colt*, 3 Hill, 432, it was held that if the charge be of murder by "cutting with a hatchet," or by "striking and cutting with an instrument unknown," evidence may be given of shooting with a pistol. If such technicalities are discarded where liberty and life are at stake, surely they cannot prevail in a civil action for damages merely.

In 1 Swift's Digest, side p. 640, in reference to the civil action for assault and battery it is said:—"It is not necessary to describe with particularity the assault, the battery, or the wounds received; it is sufficient to allege an assault, battery and striking, and the circumstances may come out in the proof." In 1 Waterman on Trespass, 222, under the head of "assault and battery," it is said:—"When the assault consists of a series of acts of violence following one another so as to constitute one continued wrongful act, the

Brzezinski *v.* Tierney.

various acts of violence may be proved as constituting one continuing trespass."

The defendant surely can expect no greater favor than that we should apply to this complaint, and the question arising under it, the principle applicable under the strict requirements for criminal indictments ; and if we apply the same test, it must be apparent that the battery proved is of the same generic character as the battery alleged, for there can be no difference in principle or in effect between an act that hurls an object against the person of another, and an act that hurls the person against the object. In either case the responsible actor delivers a *blow*, and must answer for its ordinary and natural results.

The burden of the defendant's brief is that special damages must be averred in the complaint in order to justify a recovery for them. This as a legal position is correct. But in assuming this position the defendant departs widely from the question which he made in the court below. In order to make the rule now invoked applicable he should have claimed before the trial court that if the injury resulted in a fistula the damage so far must necessarily be special. But he made no such claim. On the contrary his request to the court to charge the jury that "if the fistula was not the ordinary, natural result of the blow, the plaintiff cannot recover for this injury," necessarily admitted that if the fistula was the ordinary and natural result of the blow the plaintiff could recover, even as the declaration then stood. The request also involved an admission that the jury was the proper tribunal to determine the question as one of fact. The court was not asked to rule that damage from the fistula must be treated as special damage. We will not therefore further discuss the question now first raised in this court. The defendant by his request induced the court to submit the question to the jury and to make their verdict turn upon the point whether the fistula was the ordinary and natural result of the blow, and having done so he must abide the consequences.

In thus disposing of the question we do not intend to in-

timate, or authorize the inference, that if the claim as to special damage had been made in the court below the result in this court would have been different. We design simply to leave the point undecided.

The other question presented by the defendant's request to charge was whether the plaintiff could recover for any injury received by being pushed against the car, upon which the court charged the jury as follows:—"If the defendant assaulted the plaintiff while the plaintiff was in close proximity to the car, and, in the struggle that ensued, if the plaintiff came in contact with the car, either in attempting to escape from the defendant or by being pushed against the car by the defendant, the jury could take into consideration in aggravation of damages any injury which the plaintiff sustained by reason of so coming in contact with the car."

Our previous discussion contains a full answer to this question, so far as it shows that the act of thrusting the plaintiff against the car could be shown as a part of the assault charged; but to justify the charge as given it is not necessary to go so far as that, for it will be seen that the court allowed this act to be shown only in aggravation of the damages, and not as a distinct ground for the recovery of damages. There is no rule of law more firmly established than that under a complaint for assault and battery demanding general damages only, all the attending acts and circumstances which accompany and give character to the assault may be given in evidence to enhance the damages.

There was no error in the rulings complained of.

In this opinion the other judges concurred.