THE BALTIMORE AND OHIO SOUTHWESTERN RAILWAY CO.

*v.*

MINNIE SLANKER.

*Opinion filed June 17, 1899.*

PLEADING—*plaintiff need not allege every detail of the injury to permit proof thereof.* An allegation that plaintiff "was greatly and permanently injured upon her foot, ankle, body and head, the bones of her ankle and foot were broken, the ligaments, tendons and flesh crushed, and * * * was otherwise bruised upon her body," is sufficient to permit proof that a tumor developed from one of the bruises, necessitating the amputation of a breast in its removal.

*B. & O. S. W. Ry. Co.* v. *Slanker*, 77 Ill. App. 567, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

POLLARD & WERNER, for appellant.

JESSE M. FREELS, and A. R. TAYLOR, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellee recovered a judgment in the city court of East St. Louis, against appellant, for a personal injury which she received while a passenger on the appellant's train. It was among other things alleged in the declaration, that whilst the cars of the defendant were stopped at the Relay station to enable the plaintiff and other passengers to alight, and before the plaintiff had reasonable time and opportunity to alight in safety from said cars, the defendant negligently caused said cars to be started forward with a sudden jerk, whereby the plaintiff was thrown from the train to the ground and injured, etc. The issue was found for the plaintiff on the first trial, but a new trial was granted, and at the second trial the jury disagreed. The third trial resulted in a verdict and judgment for the plaintiff, and that judgment has been affirmed by the Appellate Court.

Appellant contends that the court erred in refusing to instruct the jury to find the defendant not guilty. Under this assignment of error counsel have reviewed the evidence at length, much of the argument having reference to the mere weight or preponderance of the evidence,—a question we cannot consider. There was sufficient evidence before the jury which, taken as true, is sufficient in law to sustain the judgment rendered, and that is the extent of the inquiry in this court. The question, as a legal proposition, is not fairly a debatable one in this case, and we deem it wholly unnecessary to point out the evidence deemed sufficient to sustain the verdict.

It is next insisted that it was error, under the pleadings, to allow the plaintiff to prove that in consequence of one of her injuries—a bruise upon her right breast—a tumor developed and the breast was necessarily amputated. In stating the damages the declaration alleged that "the plaintiff was greatly and permanently injured upon her foot, ankle, body and head, the bones of her ankle and foot were broken, the ligaments, tendons and flesh crushed, her head was lacerated and wounded, and her mind and memory were permanently injured, and the plaintiff was otherwise bruised upon her body." We are of the opinion that the allegation was sufficiently broad to admit the testimony complained of. If the wounds and bruises had caused suppuration and failed to heal, or the injury to her foot and ankle had caused permanent anchylosis of the joints or abnormal enlargement of the affected parts, evidence to that effect would certainly have been admissible under the allegations of the declaration. The mere fact that she did not enumerate all of the particulars of her general damages did not deprive her of the right to prove them. *Hutchinson* v. *Granger*, 13 Vt. 386. See, also, *Lake Shore and Michigan Southern Railway Co.* v. *Ward*, 135 Ill. 511; *City of Chicago* v. *McLean*, 133 id. 148.

While some of the instructions given at the instance of plaintiff may be liable to criticism for minor defects, we find no legal objection to or substantial error in them.

The judgment must be affirmed.

*Judgment affirmed.*