## LILLIAN KANE vs. THE NEW IDEA REALTY COMPANY.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

Damages which are the direct and necessary result of a personal injury are termed general damages and may be recovered by a plaintiff under a general allegation that damages have been sustained by him by reason of the injury; other damages, which, though the natural and proximate consequence of the injury, are not the necessary and immediate result thereof, constitute special damages which cannot be recovered unless specially alleged.

Cessation of menstruation is obviously not a necessary consequence of personal injuries, but rather one which is peculiar to the circumstances and condition of the injured party and, therefore, it must be specially alleged if claimed as an item of damage;

but where, as in the present case, no such claim is made and the jury is not instructed to award damages for that cause, the admission of evidence concerning the fact, merely to indicate and characterize the extent of the injuries generally alleged, affords the defendant no ground for complaint.

Where a party has produced a document in court at the request of his opponent, he cannot condition the latter's right to inspect it upon a promise to offer it in evidence; or if the document is first handed to the trial judge for inspection, it is within his discretion thereafter to turn it over to opposing counsel.

The jury, under proper supervision by the trial judge, is in a far better position than is this court, to determine the amount of compensation to which a plaintiff claiming damages for personal injuries is justly entitled, and its verdict will be held excessive on appeal only upon considerations of the most persuasive character.

The verdict in the present case for $8,896 *held* not excessive in view of the serious and painful character of the plaintiff's injuries.

The jury might reasonably have found that the plaintiff slipped and fell upon a patch of ice formed from water which the defendant had permitted to flow from its building on to the sidewalk in front of its premises. *Held* that these facts justified the conclusion that the defendant, as an owner of property abutting on a public highway, had violated its duty to use reasonable care to keep its premises in such condition as not to endanger travelers in their lawful use of the highway.

Argued April 14th—decided May 29th, 1926.

ACTION to recover damages for personal injuries, alleged to have been caused by the negligence of the defendant in permitting water to flow from its building onto the sidewalk and freeze, upon which the plaintiff slipped and fell, brought to the Superior Court in New Haven County and tried to the jury before *Baldwin, J.,* verdict and judgment for the plaintiff for $8,896 and appeal by the defendant. *No error.*

*William B. Ely* and *Louis B. Zacher,* for the appellant (defendant).

*Walter J. Walsh,* with whom was *John J. Sullivan, Jr.,* for the appellee (plaintiff).

HAINES, J. The reasons of appeal are based, essentially, on two grounds, viz.: (1) for refusing to set aside the verdict (a) as against the evidence, (b) as excessive, and (c) as not a proper basis for judgment, and (2) for claimed errors in the admission of evidence. The latter will be first considered.

Counsel for the plaintiff offered evidence to prove that as a result of her injuries from the fall, she had ceased to menstruate. This was objected to on the ground that it was an attempt to show special damages for which no basis was furnished by the allegations in the complaint.

The allegations of physical injury and suffering contained in the complaint, so far as they can be said to have any relation to an injury of the sort attempted to be shown by the evidence in question, are the following: that she "was thrown suddenly with great force and violence upon her spine upon the sidewalk" (par. 8); "was badly wounded and bruised upon all parts of her head, limbs and body"; "suffered especially a concussion of the spine, sprain of the sacroiliac joint, and sprained the right knee and elbow" (par. 9); "suffered a severe shock to her nervous system, from which she will suffer for a long period of time to come" (par. 10); "suffered intense physical pain, mental anxiety and distress of mind" (par. 11); "has been disabled from following her usual occupation, . . . that of nurse" (par. 12).

The distinction between general and special damages has often been stated by this court: "When a person alleges and proves that he has been injured in his person, the law implies that damages result from such injury, and he may recover such damages as necessarily and directly result therefrom, under a general allegation in the complaint that damages have been sustained by him by reason of the injury. . . .

If he seeks to recover damages other than such as necessarily and immediately follow from the injury, he must allege such damages and prove them." *Cordner* v. *Hall,* 84 Conn. 117, 119, 79 Atl. 55; *Smith* v. *Whittlesey,* 79 Conn. 189, 191, 63 Atl. 1085.

The rule laid down by Greenleaf may be summarized as follows: "All damages must be *the result* of the injury complained of; . . . Those which *necessarily* result are termed *general damages;* . . . The defendant must be presumed to be aware of the necessary consequences . . . and therefore cannot be taken by surprise in the proof of them. . . . But where the damages, though the *natural* consequences of the act complained of, are not the *necessary* result of it, they are termed *special damages;* which the law does not imply; and therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial." 2 Greenleaf on Evidence (16th Ed.) § 254.

A clear exposition of the rule was given by JUDGE LOOMIS in the case of *Tomlinson* v. *Derby,* 43 Conn. 562, 567. He refers to the obviously greater difficulty of applying the rule in a given case than in stating it, and adds: "The necessary result of an injury is often and easily confounded with the natural and proximate result, and all legal damage whether general or special must naturally and proximately result from the act or default complained of. . . . It would seem however that when the consequences of an injury are peculiar to the circumstances and condition of the injured party, the law could not imply the damage simply from the act of causing the injury."

As will clearly appear from the above statements of the rule, the plaintiff could not have asked the jury for damages for this particular injury, for it was obviously

"peculiar to the circumstances and condition of the injured party" and not a necessary result. Though the complaint shows the plaintiff was a woman, her age is not stated, and there is no allegation which could be held fairly to put the defendant upon notice of such a special consequence, as the plaintiff showed by the evidence in question.

It must be noted, however, that there is nothing in the record to show that the plaintiff asked special damages for this cause. We do not have the charge of the court in the record, and must assume, in the absence of any claim to the contrary, that as to the defendant, the charge was unexceptionable in this respect. Since it does not appear that the jury were asked or directed to award damages for this cause, we cannot assume that they did so. "It is only when damage is claimed for special consequences which must depend on the peculiar circumstances of the plaintiff at the time and previous to the injury, . . . that such special consequences are a special damage which must be stated with particularity." *Cordner* v. *Hall,* 84. Conn. 117, 120, 79 Atl. 55.

So far as appears by the record, therefore, this evidence served only to characterize and indicate the extent of the injuries alleged in the complaint, and it was legitimate and proper evidence.

In *Brzezinski* v. *Tierney,* 60 Conn. 55, 56, 22 Atl. 486, under a general charge of assault and battery, it was held proper to show that defendant was pushed against a car and a fistula resulted. In *Currelli* v. *Jackson,* 77 Conn. 115, 123, 58 Atl. 762, it was alleged that one of the plaintiff's eyes was so injured by the explosion that it was necessary to remove it; that a piece of the ulna of the arm was blown out, causing a permanent injury and greatly impairing its use; and that by reason of such injuries the plaintiff suffered

great pain. Evidence was offered that the wearing of an artificial eye caused pain, and that the injury to the arm rendered it more liable to ulcerate, and thus require a longer time to heal. This was held to be proper evidence under the general allegations in the complaint. In *Skaling* v. *Sheedy,* 101 Conn. 545, 552, 126 Atl. 721, the allegation was that by reason of the collision with the barbed wire, the plaintiff received severe and permanent injuries about her head and face; and it was held that these allegations were broad enough to admit evidence of the loss of the plaintiff's teeth as a result of the collision. To the same effect are *Chicago & Alton R. Co.* v. *McDonnell,* 194 Ill. 82, 62 N. E. 308, and *Baltimore & Ohio S. W. Ry. Co.* v. *Slanker,* 180 Ill. 357, 54 N. E. 309, cited by the plaintiff.

The claim of error in admitting evidence that persons other than the plaintiff slipped on this ice on the day in question, has not been pressed by counsel.

The only remaining reason of appeal based upon the admission of evidence, relates to the accident report made out for transmission to the insurance company by the defendant's agent, on the day of the injury. This was produced in court by counsel for defendant in response to a request by plaintiff's counsel, but the former refused to show it to the latter unless and until he first promised to put it in evidence. It was finally handed to the court, which inspected it and then permitted counsel for the plaintiff to examine it, who thereupon offered it, and it was admitted in evidence. We are unable to see how the defendant was harmed by the examination of the report before it was offered. It was withheld because opposing counsel would not first agree to offer it in evidence, yet it was in fact introduced, and it would seem that such purpose as the defendant had in withholding it was fully met.

Not only so, but it was clearly the plaintiff's right to call for it, and we know of no condition upon that right imposing an antecedent promise to use it in evidence, whatever its contents might be. Moreover, it was turned over to plaintiff's counsel by the court after its own inspection, and this was a proper exercise of the court's discretion. *Banks* v. *Connecticut Ry. & Ltg. Co.*, 79 Conn. 116, 118, 64 Atl. 14. But the defendant now claims it was error to admit it at all, the ground being that it did not contradict anything which the witness had testified to. The contents of the report nowhere appear in the record, and it is therefore impossible for this court to say whether the objection was valid.

The claim of error in refusing to set aside the verdict is put upon three grounds: (1) that it was against the evidence, (2) that it was not a proper basis for a judgment, and (3) that it was excessive.

As to the third ground: The injuries suffered by the plaintiff were of a very serious and painful character, and the verdict of $8,896, though perhaps liberal, does not impress us as excessive, or as indicating prejudice or partiality on the part of the jury. The claim that it was excessive was apparently not expressly urged upon the trial court, and in the absence of the ruling of the trial court upon that point is not strictly a proper subject of appeal in this court. Without the ruling, we are justified in assuming that the verdict was approved by the court when it directed that judgment be entered upon it. The amount of the damages in a case of this character is peculiarly one for the jury, under the supervision of the court. They have heard all the evidence, have seen the parties and their witnesses, and with this advantage are generally in a better position to judge what just compensation calls for than this court. Such conclusions are not over-

ruled in this court save upon considerations of the most persuasive character. They do not appear in the case before us.

The remaining grounds of objection to the verdict are, that it was against the evidence, and that it was not a proper basis for a judgment. We understand this as equivalent to the general claim that it was contrary to both the law and the evidence. A careful study of the entire record of the evidence satisfies us that the facts which the jury could reasonably have found, amply support the conclusions of the actionable negligence of the defendant and the freedom from contributory negligence of the plaintiff.

Some of the cases cited by the defendant involve snow and ice upon sidewalks and relate to the liability of municipalities, and others relate to the responsibility of adjoining or abutting owners for the natural flow of surface waters, but these are hardly in point in the present case. Nor does this case rest upon a claimed responsibility of a private property owner for the safe condition of a public walk. It involves, rather, the use of one's own property in such a way as to render dangerous the lawful use of an adjoining highway. *Ruocco* v. *United Advertising Corporation,* 98 Conn. 241, 119 Atl. 48; *Norwich* v. *Breed,* 30 Conn. 535; *Crogan* v. *Schiele,* 53 Conn. 186, 1 Atl. 899, 5 id. 673.

We said in the *Ruocco* case, *supra,* page 247: "These cases establish beyond question the rule that an owner of property abutting on a highway rests under an obligation to use reasonable care to keep his premises in such condition as not to endanger travelers in their lawful use of the highway; and that if he fails to do so, and thereby renders the highway unsafe for travel, he makes himself liable. . . . Irrespective of authority, the rule is one of public necessity."

The facts in the instant case differ from those of the three we have cited, in that here the plaintiff's fall was due to a condition existing in the highway itself, and not upon the abutting land; but the jury could reasonably have found that the negligence of the defendant with respect to its building, operating through the dangerous condition of the sidewalk, was the proximate cause of the plaintiff's fall.

Tested by these principles, the conclusion of the trial court that the verdict was justified and should be sustained, was sound in law and fact.

There is no error.

In this opinion the other judges concurred.