Dorothy L. Aldrich *vs.* Mary E. Duggan et al.

First Judicial District, Hartford, October Term, 1927.

Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

The jury in the present case rendered a verdict for $2,000 in favor of the plaintiff for personal injuries resulting from the negligent operation of the defendants' automobile. *Held* that this amount was not excessive.

Under an allegation that the plaintiff suffered a nervous shock as a result of the accident, evidence of excessive menstruation, followed by a total cessation thereof, was admissible, not as an item of damage, but to characterize and indicate the extent of the injury alleged by showing its past and present manifestations; but further evidence that, if this condition persisted, it would result in permanent inability to bear children, was improperly admitted, nor was the error cured by the trial court's caution to the jury that it should be considered only as a symptom accompanying the nervous shock and not as a permanent injury.

Argued October 4th—decided November 4th, 1927.

Action to recover damages alleged to have been caused by negligence of the defendant Ellen Connor, as the agent of the defendant Duggan, in operating an automobile owned by the latter, brought to the Superior Court in Hartford County and tried to the jury before *Jennings, J.;* verdict and judgment for the plaintiff, and appeal by the defendants. *Error and new trial ordered.*

*Samuel Campner,* with whom, on the brief, were *Daniel Pouzzner* and *Louis Godfried,* for the appellants (defendants).

*David A. Cronin,* for the appellee (plaintiff).

HINMAN, J.   This case was tried with the case of *Robert Aldrich* against these defendants, *ante,* page 17, the same motions were filed, and the considerations affecting the motion to set aside the verdict as against the evidence, as stated in the opinion in that case, apply here.   It is urged, also, in the present case, that the amount of the verdict—$2,000—is excessive, but we cannot say, especially upon the evidence admitted and under the charge as given, that the amount awarded was such as to suggest considerations warranting interference by us with the determination made by the jury and confirmed and approved by the trial court by refusal to set the verdict aside on that ground.   The further grounds of the motion which relate to claimed errors in the charge will be considered in connection with the assignments specifically applicable thereto.

The illustration used in the charge having reference to arguments on the credibility of evidence as to unreasonable conduct is held to have been erroneously employed, for the reasons stated in the opinion in the *Robert Aldrich* case.   This, of itself, would necessitate a new trial but, in anticipation that like questions may arise on a retrial, we discuss the further reasons of appeal.

This plaintiff alleged that by reason of the collision between the automobile driven by her husband, Robert Aldrich, in which she was riding, and that owned by defendant Duggan and driven by defendant Connor, she was thrown against the top and onto the ground causing her "to be severely bruised about the body

and head and causing her great nervous shock. . . . Previous to said automobile collision, the plaintiff had been under the care of a physician, suffering from nervous exhaustion. Her condition improved greatly under treatment and she was able to resume her duties as an attorney at law. . . . As a result of the injuries received in said collision, the plaintiff suffered a relapse, thereby aggravating her former condition and causing her to again become extremely nervous and remain in a semi-conscious stupor for a period of several days, and as a result her condition is less favorable than it was in September, 1925, prior to her returning to her work. Her present condition is attributable to nerve shock received at the time of said accident."

In the course of the direct examination of the plaintiff, the court ruled that, under the allegations of the complaint, she was not entitled to prove or recover damages for an injury to her regenerative organs which might prevent her from having children in the future. Later there was offered a deposition of Dr. Ryan, plaintiff's physician, in which he testified that when she first consulted him after the accident she complained of continued menstruation which, under treatment, stopped in a few days, since which she had not had a regular menstruation. Both these conditions, the doctor testified were, in his opinion, brought about by the mental or nervous shock. So far, this evidence "served only to characterize and indicate the extent of the injuries alleged in the complaint," and was admissible. *Kane* v. *New Idea Realty Co.*, 104 Conn. 508, 512, 133 Atl. 636. Further testimony by Dr. Ryan, to the effect that so long as this inability to menstruate continues, plaintiff would be unable to bear children, and that there is no way of knowing whether this condition will continue permanently, was then admitted, over defendants' objection, the court ruling, in effect,

that this, as well as the previous evidence above mentioned, was admissible as "a temporary symptom of her nervous condition," and the jury were thereupon advised that such was the purpose for which testimony as to the effect of the injury upon plaintiff's regenerative organs was admitted.

In the charge, referring to the same subject, the court said: "Permanent injury is a pretty serious matter, an injury which you are going to carry with you for all the rest of your life, and I think should be set up as such in a complaint, at least in such shape that you can understand that permanent injury is claimed. A permanent injury, of course, would be the loss of the sight of an eye or the loss of a limb or the loss of a certain percentage of motion which it is alleged you will be permanently deprived of in the use of one of your limbs; something of that kind. And so, in this case, I ruled on the trial and I will repeat my caution now, that there is no allegation of permanent injury so far as permanent loss of reproductive faculty is concerned in Mrs. Aldrich, and that, in considering that, you would consider it solely as one of the accompanying symptoms and certainly inconveniences and annoying features connected with the injury which she suffered, and not as a permanent injury."

Both the ruling and the charge were incorrect. While, as above stated, the past and present manifestations of the effect of nervous shock were admissible for the reasons stated in *Kane* v. *New Idea Realty Co.,* *supra,* though not as an item of damage, the possible or probable permanence of those conditions and their consequences as to plaintiff's ability to have children were outside of the issues raised by the complaint as framed. Evidence as to cessation of menses as an actual symptom of the injury alleged, was properly admitted and, as such, to be considered by the jury; how-

ever, not this alone, but the alleged resulting "permanent loss of reproductive faculty," which had no place in the case, was permitted to be shown by evidence and was submitted to the jury for their consideration as bearing upon the question of damage. We think that the caution that such "permanent loss" should be considered only as a "symptom, inconvenience and annoyance" pertaining to the nervous shock, could not and did not avail to prevent the jury from giving weight and effect, to the disadvantage of defendants, in the assessment of damages, to the inadmissible element of the accompanying and continuing consequences, including the inability to bear children.

That portion of the charge, also made a ground of appeal, which dealt with the reality and possible serious nature of injury by nervous shock, when found to have been sustained, and its validity as a basis for recovery of damages, was unobjectionable.

There is error and a new trial is ordered.

In this opinion the other judges concurred.