MAUDE C. NEWNAM *v.* ELIZABETH A. MORAN.

[No. 29, January Term, 1928.]

*Decided April 4th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*H. Mortimer Kremer,* for the appellant.

*John N. Biesecker* and *Wm. Deal Roycroft,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of defendant on demurrer to plaintiff's second amended declaration, which was as follows:

"Maud C. Newnam, plaintiff, by H. Mortimer Kremer, her attorney, sues Mrs. Elizabeth A. Moran, defendant, for that the said defendant, Mrs. Elizabeth A. Moran, at the time of the happening of the injuries hereinafter complained of was and is now the owner of the premises and building known as No. 105 East

Saratoga Street, a public highway in the City of Baltimore, State of Maryland; and for that heretofore, to wit, on the 13th day of February, 1926, the plaintiff was lawfully and carefully walking on and across the pavement in front of and appurtenant to the said property, No. 105 East Saratoga Street, a public highway of the City of Baltimore aforesaid, and while using due care and caution and without any fault whatsoever on her part directly contributing thereto, she was suddenly and violently precipitated and thrown to the ground as a result of ice which the defendant had carelessly and negligently permitted to accumulate and freeze on the pavement of the aforesaid property, thereby allowing said pavement to be and remain in an unfit, dangerous, unsafe and improper condition; that the accumulation of ice was caused by the freezing of melting snow dripping from a portico which projected over the entrance and formed a part of the aforesaid building abutting on said street; and that said dangerous condition on said sidewalk, was brought about and caused by the negligent participation of the defendant, by reason of the negligent and careless use and management by her of her premises abutting on said sidewalk, in that the failure of the defendant to maintain a conductor or gutter over said portico to divert and prevent the melting snow from flowing onto the said street and over the pavement was the direct result of said melting snow being allowed, permitted and suffered to escape or flow from defendant's premises, into the street and over the pavement, causing the icy formation complained of; and for that as a result of being so thrown to the ground the plaintiff was greatly cut, bruised and seriously and permanently injured in and about her head, body and limbs, suffered severe shock to her nervous system and sustained a broken right wrist, as a result of which she had permanently lost the normal use of her said right wrist and was and became for a long time thereafter sick, sore and wounded and made to suffer great physical pain and mental anguish, in consequence of which the said plaintiff has been and will be caused to expend

considerable sums of money for medical attention and medicines, and has been and will be for a considerable length of time unable to pursue her usual vocation, thereby losing the emoluments she would otherwise have received from her labor, and other damage did the plaintiff sustain, all of which was due to the negligence of the said defendant, and the plaintiff not in anywise contributing thereto.

"And the said plaintiff claims $5,000 damages."

The only question to be determined is: Does the declaration set out a good cause of action?

In effect it alleges that the plaintiff, while exercising due care, was injured by falling on ice which had accumulated on the pavement in front of defendant's property, and that the accumulation of ice was caused by the freezing of melting snow dripping from a portico, which projected over the entrance and formed a part of defendant's building abutting on said street, and that the dangerous condition on said sidewalk was caused by the negligent management by defendant of said building in failing to maintain a conductor or gutter over said portico to divert and prevent the melting snow from flowing onto the said street and over the pavement, and that said accident was the direct result of such negligence, and that injuries of which the plaintiff complains (and which are set out) were due to the negligence of the defendant

In order to sustain the demurrer it was necessary to hold, as a matter of law, that the defendant was not guilty of actionable negligence in the premises. In our opinion it was error to so hold.

The contention of appellee is that to hold that a gutter was required in this case would be to hold that gutters are required over shutters, sills, door frames, cornices and every projection on a building. But that does not follow. The declaration does not state the size of the portico, nor was it necessary to do so; but it was a roof of some kind and was not like a cornice or a door frame. It partakes of the nature of a porch roof, large or small. The error of the trial court was not in failing to hold that the portico as maintained

was a nuisance, but in holding as a matter of law that it was not.

We hold that whether or not the defendant was negligent is a question of fact to be determined from evidence of the circumstances, and not one of law to be decided on demurrer. It may well be that, on the evidence when produced, no negligence will be shown in the circumstances of this case. General custom, the requirements of the Building Code of Baltimore City, etc., are matters which may be shown at the trial.

In *Bixby v. Thurber*, 80 N. H. 411, plaintiff was injured by a fall on an icy pavement. It was charged that the condition was due to water falling on the pavement from defective eaves gutters on abutting property of defendant, and freezing. It was held there was no error in submitting the case to the jury. The court said: "There is in this case no evidence and no claim of a custom in this state to maintain a roof involving such dangers, or of using a leaking gutter to collect the water and pour it upon the public sidewalk." It is hard to distinguish between the case of water falling from a leaky gutter, and water from a roof without a gutter, where it results from melting snow which has been artifically collected by the existence of the roof.

In 43 *C. J.* 1107, it is said: "The abutter will also be liable where he maintains a bay-window or an awning or canopy so constructed that water collected thereon flows off upon the sidewalk," citing *Stefani v. Freshman*, 232 Mass. 354, and *Marston v. Phipps*, 209 Mass. 552.

In the *Stefani* case the water flowed from a wooden canopy or hood erected over the entrance to the basement, there being no gutters to divert the water from the pavement; in *Marston v. Phipps* there was a bay window projected beyond the street line over the sidewalk, so that snow accumulated upon its top and then melted and dripped upon the sidewalk.

In the note on page 410 of 34 *A. L. R.*, a number of cases are collected, and the author states the general rule to be "that one who so constructs or maintains a structure

upon his premises as to cause an artificial discharge or accumulation of water upon a public way, which by its freezing makes the use of the way dangerous, will be held liable to one who, being rightfully upon the way and in the exercise of due care, is injured in consequence of such dangerous condition."

In *Allen v. Salmansohn*, 254 Mass. 500, decided in 1926, the court in a *per curiam* said: "The plaintiff testified that he fell on ice on a sidewalk where there 'was water dripping from the roof of the house. It dropped onto the point practically where he fell. * * * It dripped from the eaves of the house.' Manifestly upon this testimony the defendant as owner of the house might be found liable." See also *Kane v. New Idea Realty Co.*, 104 Conn. 508, also decided in 1926.

An examination of the cases collected in the note in 34 *A. L. R., supra*, will disclose much diversity in the decisions, but apparently in most of them the question was treated as one for the jury.

In our opinion, *Flynn v. The Canton Co. of Baltimore*, 40 Md. 312, does not support the contention of appellee. All that the court decided in that case was that the failure of the defendant to observe a city ordinance requiring abutting property owners to remove snow from pavements in front of their premises did not render it liable to damages in a private action. The court there distinguished that case from one where the condition of the street was in some way attributable to the instrumentality or agency of the defendant.

> *Judgment reversed and case remanded for new trial, with costs to appellant.*