MARGARET MCKINNEY v. CENTER PHARMACY, INC., ET AL.

COURT OF COMMON PLEAS    TOLLAND COUNTY    FILE NO. 647

Memorandum filed January 14, 1952.

*Herman Yules,* of Manchester, for the Plaintiff.

*John R. Thim,* of New Haven, and *J. Ronald Regnier,* of Hartford, for the Defendants.

COTTER, J. The plaintiff Margaret McKinney recovered a verdict from the defendant Center Pharmacy, Inc., in the amount of $3000. A verdict was directed in behalf of the other defendant, General Ice Cream Corporation, and a verdict was also directed in favor of the defendant Center Pharmacy, Inc., as to the plaintiff's husband, who claimed reimbursement for expenses for the care of his wife. The defendant Center Pharmacy, Inc., now claims that the verdict should be set aside as to it upon the ground that the negligence of the defendant was not a substantial factor or the proximate cause of the plaintiff's fall and her resulting injuries, that the plaintiff did not sustain her burden of proof, that the plaintiff, herself, was guilty of contributory negligence which was a material factor in producing her fall and resulting injuries.

No exception was taken to the court's instructions to the jury nor was there any mentioned at the time the argument was made by counsel upon this motion to set aside the verdict.

As to the issue of proximate cause, the defendant maintains that there was no evidence as to how the plaintiff fell. On the contrary, there was much evidence from which the jury could have found that the plaintiff in reaching into a refrigerated box lost her footing, was precipitated down the steps at the entrance to the drugstore, and fell with her back through a plate glass door. She testified that she did reach into the box and the next thing she knew was that she fell down the stairs and crashed through the door. Witnesses of the defendant testified that they heard the shattering of the plate glass door, came upon the scene, and learned that that is what in fact happened. In addition, the plaintiff at the request of defendant drugstore's

counsel drew a sketch of that portion of the drugstore which was material to the matters at issue. Upon this sketch she indicated how she entered the store through the door, up the stairs onto the main floor of the store, walked around the store back to the refrigerated box, fell· at a point marked upon the sketch, and ultimately shattered the plate glass door upon ·falling with her back against it. There were also photographs which showed the refrigerated box and other portions of the store which were pertinent to the matters at issue. All this testimony and evidence was before the jury and the court cannot now substitute its judgment for··that of the jury in this connection.

Under the ruling laid down in *Lombardi* v. *Wallad*, 98 Conn. 510, 517, and reiterated in *Cuneo* v. *Connecticut Co.,* 124 Conn. 647, 651, 652, proximate cause was a question of fact for the jury and it could reasonably find the conditions of the premises of the defendant drugstore a substantial factor in causing the injury.

The jury was instructed by the court on the issue of proximate cause: "When we say negligence caused an injury so as to afford a right of recovery therefor, we mean that such negligence is the proximate cause of the injury. By this is meant that the wrongful act or omission to act must have been a substantial factor in producing the damage complained of. . . . Now, if you find that the defendant was negligent, as alleged in the complaint in the second count, you should then inquire whether that negligent conduct of the defendant was the cause of the plaintiff's injuries. That is, there must be a causal connection between the negligence of the defendant and the damages suffered by the plaintiff if the plaintiff is to recover. The existence of that causal relation may be tested in this way. Was the negligence of the defendant, if you find any negligence, a substantial factor in. producing the plaintiff's injury?"

· The court left this issue to the jury which they must have considered in rendering their verdict.

The jury were also instructed at length as to the burden of proof required of the plaintiff in part as follows: "You have a further function, to determine the credibility of the witnesses who have given testimony to you or before you. In determining the issues which have been tried here you should take into consideration the probability or the improbability of the testimony given by the witnesses. You should have regard to their conduct and demeanor while testifying and consider any ·in-

terest which a witness may apparently have in the result of the suit or any prejudice or sympathy, if any, that has been manifested for or against the parties to the controversy.

"You should apply such other tests which may occur to you from your own knowledge of human nature and human conduct as will aid you in estimating the weight and the credibility that is to be given to the testimony of the respective witnesses. And I might say here at this time you apply the same tests to an expert witness as you apply to any ordinary witness who might appear in the course of a trial.

"In general in a civil action, which you have just heard, the party who asserts a proposition has placed upon him the burden of proving it, and that is called the burden of proof. The plaintiff sets out certain facts in her complaint, as I have related them to you, which are denied by the answer, and the law then says that the burden of proof rests upon the plaintiff to prove such allegations of the complaint as are in controversy. This burden of proof means that in support of the allegations she must prove to you evidence that overbalances and is weightier, in your opinion, than the evidence on the other side. If, in the course of the trial, or in your opinion, the evidence is evenly balanced the burden of proof, then, has not been met.

"Negligence ordinarily means the failure to perform some legal duty by reason of want of due care or the performance of such legal duty in an inadequate or improper manner. This case that you have heard is based upon negligence, so that the plaintiff must show some failure to perform some legal duty by reason of the want—by reason of the want of due care, or the performance of that legal duty in an inadequate or improper manner. It is the failure to exercise due care—that is, the care that a reasonably prudent person would exercise, and it is the duty of every person to exercise due care, and the failure to do so is the failure to perform a legal duty.

"Due care or reasonable care is such as an ordinarily careful and prudent person would exercise under similar circumstances and in the situation of Mrs. McKinney, whose conduct is being considered. It implies the reasonable use of one's faculties and senses according to the exigencies of the situation. If the situation is one involving danger, due care or reasonable care is care proportionate to the danger reasonably to be anticipated, and the greater the danger the greater the care required to constitute due care. . . .

"In this case, as in every civil action, it is incumbent upon the party making the material allegation to prove that allegation by a fair preponderence of the evidence. By this is meant such weighing of it in your minds as may incline for or against the proposition advanced. If the party making the material allegation fails to prove it in your minds by such a fair preponderance of the evidence, then he or she has failed to establish the allegation before you. And as I said before, if the scales weigh evenly in your minds or if they incline against the party making the allegation, then that party has failed to establish it. Only if the scales incline in favor of the allegation in your mind will the claimant upon such allegation have established it by a fair preponderance of the evidence.

· "The weight to be given evidence presented depends not so much upon the number of witnesses as upon the quality or the power of their testimony to convince you of the truth. In weighing evidence you will bear in mind the demeanor and conduct of the witnesses upon the witness stand and their opportunity and powers of observation. You will consider the reasonableness of their stories and such bias, if any there is, which any witness may have because of an interest in the case or the parties to the action."

So the jury was carefully instructed as to the burden of proof upon the plaintiff and must have considered the evidence in the light of these instructions.

Likewise the issue of contributory negligence was left for the determination of the jury and in its instructions the court charged as follows:

"In addition to the allegations of negligence which we have— which have been made by the plaintiff against the defendant, the defendant has also alleged a special defense which speaks of the carelessness and negligence of the plaintiff, Mrs. McKinney, claiming that such negligence upon her part contributed to the accident and is therefore a bar as far as she is concerned in this case against the Center Pharmacy, Incorporated. And contributory negligence of a plaintiff, such as Mrs. McKinney, in order to bar a recovery, must have proximately contributed to cause her injuries, that is, must have been a substantial factor in causing her injuries.

"In determining whether or not she is guilty of contributory negligence, her conduct is to be tested not only by what she knows but also by what she should know, since it is her duty to use reasonable care to discover dangers or conditions of danger to which she may be exposed, as well as to avoid those which are known to her. The degree of caution required by the exercise of ordinary care is proportionate to the degree of danger involved in that particular situation. . . .

"Now, if you find that the defendant was negligent in one or more respects as alleged in the second count in paragraph 10 of that count, and that such negligence was the proximate cause or a substantial factor leading to the plaintiff's fall, you are then to consider the defendant's special defense, which reads as follows: 'By way of special defense. The injuries and losses alleged to have been sustained by the plaintiff were caused by the carelessness and negligence of Margaret McKinney in that she failed and neglected to make reasonable use of her faculties, in that she was not watchful of her surroundings, of the way she was going, and of general conditions, and in that she walked upon the area in question with complete disregard for her own safety and well being.'

"Under this defense the defendant is pleading contributory negligence of a material matter or character on the part of the plaintiff. The definition I earlier gave you of negligence has equal application in your consideration into the merits of this defense. Once again you are required to examine the situation regarding Mrs. McKinney's fall in reference to her conduct immediately prior thereto. Should she have seen the premises and been aware of them and thereby been placed on warning? A person is charged with knowledge of conditions which she can observe by the ordinary use of her senses, and this is so whether or not, in fact, she sees them. In this respect it seems important that you consider her claim—that you consider the defendant's claim that the plaintiff, Mrs. McKinney, was trying to reach into the freezing box for some ice cream. And it is then for you to decide whether or not she knew or should have known that a condition out of the ordinary existed at that time and place."

As to the matter of excessive damages, the plaintiff testified that she was upset and nervous on the night in question, and some twenty-eight days after the accident visited a doctor. She was shaking and went to bed; she became nervous and forgetful.

She testified as a result of the accident she had pain across her shoulder; later she had pain in her right arm and hand. She first saw Dr. Sundquist in Manchester, Connecticut, and after that she went to see Dr. Pitegoff in Hartford. She also testified on cross-examination by counsel for the defendant drugstore that the reason she went to see Dr. Pitegoff was "I wasn't getting anywhere. I wasn't feeling any better." This was some eleven months after the accident happened. She stated she saw Dr. Pitegoff about six times.

It is evident from the testimony that the jury believed that the plaintiff was suffering from a nervous condition which persisted for approximately eleven or twelve months after the accident happened and based the amount of the damages upon the belief that such a condition existed during this period of time. The jury was entitled to believe the statements of the plaintiff that she was nervous, shaky, and had pains across her shoulder and down her right arm and into her right hand. *Kane v. New Idea Realty Co.*, 104 Conn. 508, 514. So the court on the motion to set aside the verdict is justified in taking the statements or testimony of the plaintiff to be true in basing an award as to what the proper amount of damages would be in that regard.

The court feels that the verdict returned in the amount of $3000 is excessive, and the general damages in the amount of $1200 is fair and adequate compensation. There were no doctors' bills introduced in evidence and proved at the trial of the case, although it was testified that bills were incurred and paid.

Accordingly the verdict is set aside unless, within three weeks from this date, the plaintiff shall file a remittur of $1800; but if such remittur is filed, judgment as to the residue, or $1200, shall thereupon be entered upon the verdict.